Indictment for an assault and battery with an intent to murder;plea not guilty. — The defendant, with five or six others in company, were quarrelling with a man by the name of Stephens.
The prosecutor, M'Bride, together with Capt. Penix, endeavored in a peaceable manner to reconcile them; one struck the prosecutor, a fight ensued, fro a which Penix parted them, and took hold of the prosecutor in order to carry him into the house, but when on the sill of the door he was struck by a stone, thrown by the defendant, on the upper part of the nose, which knocked him down, and for a small time put him out of his senses.
The stroke lacerated his nose in such a manner that in drinking, water passed through the wound before it healed.
Two witnesses proved that the defendant acknowledged, at different times, his having thrown the stone at the prosecutor with an intention to kill him, but that he missed his aim, which he was sorry for.
The attorney-general opened the case for the State, and argued that if M'Bride had been killed it would have been murder, and that the confession of the defendant with respect to his intention was the highest proof. Leach Cr. Law, 248; Foster, 295.
BARRY, WHARTON, and WILLIAMS moved to quash the indictment, upon the principle that the Act of Assembly, 1797, c. 45, had given exclusive cognizance to the county courts of all indictments for assaults and batteries; that the charge being coupled with an intent to murder, could not vary the case; the assault and battery was the gist and substance of the charge, and the intent a mere incidental circumstance not *Page 7 
essential to the existence of the offence, attached to it as to jurisdiction, nor could it be separated so as to give the Court cognizance. They said it was their understanding that it had been so decided in this Court, when his Honor Judge Jackson presided.
It is important that uniformity in decision should be preserved. It is this only which constitutes law, but considering the case a resintegra, I should be strongly inclined to think that this court has cognizance of the offence as charged in the indictment, and, unless some adjudged case can be produced, it were proper to consider it in that view. Blackstone, Hawkins, and other writers on Crown Law, have noticed a distinction between assaults and batteries merely, and such as were coupled with an intent to kill. They have strongly marked this distinction by assigning different degrees of punishment to the offences. It is the motive of the agent inflicting an injury, which constitutes the nature of the crime, and surely an assault and battery with an intent to chastise only, must in its nature be a different offence from such an injury proceeding from an intent to kill. By the principles of the common law, the supreme court of the country possessed a general jurisdiction. The powers of the inferior courts were portions of this jurisdiction. The act being in derogation of the common law which gives citizens and the State access to a particular tribunal for the procurement of justice, should not be extended in its meaning by an equitable construction; the meaning of the act is that the county courts shall have exclusive jurisdiction of assaults and batteries barely, but not when united with an intent to murder.
WHITE and CAMPBELL, JJ., accorded in this opinion.
The counsel for the defendant then proceeded in their argument, and assumed it as a position in favor of the defendant that the jury must not only find an intent to kill, but that such intent if effectuated would constitute murder, so as to make the defendant guilty in this court. Several authorities were read, marking the difference between murder and other species of homicide, from which it was inferred that had *Page 8 
death ensued from the stroke of the stone it would have been manslaughter only, and not murder, on account of the provocation and heat of blood. It was urged; that if a person be slain by one in a passion, it is not murder, though the killer intend to kill at the moment, but manslaughter only. Upon this ground the defendant must be acquitted, but particularly when the jury perceive from the evidence that the prosecutor was an officious interloper, who was intermeddling in the quarrel of others.
The attorney-general argued e contra; and