Noble *et al. v.* The People.

SILAS NOBLE *et al.*, plaintiffs in error, *v.* THE PEOPLE OF THE STATE OF ILLINOIS, defendants in error.

*Error to Lee.*

Whenever a recognizance is taken, or entered into out of a Court of record, a *scire facias* issued upon it must contain sufficient averments to show the jurisdiction or authority of the officer taking the same, and also that it was entered and filed of record in the proper Court.

SCIRE FACIAS, in the Lee Circuit Court, issued upon a recognizance, &c. heard before the Hon. Thomas C. Browne upon a general demurrer. Demurrer overruled and judgment against the defendants below.

A copy of the *scire facias* is set out in the Opinion of the Court.

*S. T. Logan,* for the plaintiffs in error.

*D. B. Campbell,* Attorney General, for the defendants in error.

The Opinion of the Court was delivered by

Purple, J.    The defendants in error sued out a writ of *scire facias* against the plaintiffs in error, from the Circuit Court of Lee county, upon a recognizance signed by the plaintiffs as sureties for the appearance of one Henry W. Lane, to answer to a charge of receiving stolen goods. The *scire facias* is as follows:

"Whereas, heretofore to wit, on the 16th day of May, A. D. 1845, before James Campbell, sheriff of said county, Henry W. Lane as principal, and W. W. Heaton and Silas Noble as security, entered into a recognizance, and as appears by the terms thereof, acknowledged themselves to owe and to be indebted to the People of the State of Illinois, in the sum of five hundred dollars lawful money of the United States, to be levied of their goods and chattels, lands and tenements, for the use of the People of the State of Illinois, if default should be made in the condition following, (to wit): if the said Henry W. Lane, should personally be and appear at the (then) next term of the Circuit Court, to be holden in and for said county of Lee, on the second Monday of September (then) next, on the first day of the term, to answer unto an indictment presented against him, the said Lane, for receiving for his own gain, stolen goods, knowing them to have been stolen; and should not depart the said Court without leave, then the said obligation to be void, otherwise to be and remain in full force and effect. And whereas, at the September term A. D. 1845, of the said Circuit Court in and for the said county of Lee, such proceedings were had that the said recognizance was taken as forfeited; therefore, we command you, &c:" concluding with the usual form of a summons part of a *scire facias.*

The plaintiffs in error appeared and filed a general de-

murrer to the *scire facias,* which was overruled by the Court, and judgment thereon entered against the said plaintiffs. The decision of the Circuit Court overruling the demurrer, is assigned for error.

It is the opinion of this Court, that the *scire facias* is clearly defective in not containing an averment, that the recognizance was returned into the Circuit Court, and had become a matter of record in such Court. This principle is distinctly recognized in all the authorities upon this question. Whenever a recognizance is taken, or entered into out of a Court of record, a *scire facias* issued upon the same must contain sufficient averments to show the jurisdiction or authority of the officer taking the same, and also that it was returned and filed of record in the proper Court. *Libby* v. *Main,* 2 Fairf. 344; *Bridge* v. *Ford,* 4 Mass. 641; *Andress* v. *The State,* 3 Blackf. 109; *People* v. *VanEpps,* 4 Wend. 390.

The judgment of the Circuit Court is reversed, and the cause remanded for further proceedings.

*Judgment reversed.*