Nov. Term,
1853.

THE STATE
v.
SHAW.

THE STATE *v.* SHAW.

The fact that a party recognized for a crime by a justice of the peace has been subsequently recognized by the same justice upon another charge, for a matter which was part of the same transaction, will not discharge the first recognizance.

Where a complaint made before a justice of the peace shows that the act charged might be either of several crimes, the justice may elect for which he will recognize the party, and a recognizance to appear and answer for either will be valid.

*Friday,*
*December 2.*

ERROR to the *Jefferson* Circuit Court.

PERKINS, J.—*Scire facias* on a forfeited recognizance against *Charles G. Shaw* and others, sureties for the appearance at a term of the *Jefferson* Circuit Court, of *Thomas Holtzclaw,* to answer, &c.

Pleas—

1. *Nul tiel record.*

2. That the said *Thomas* was, on the 16th day of *May,* 1850, brought before one *Milton Stapp,* mayor of the city of *Madison,* and, *ex officio,* justice of the peace, upon a charge of having committed an assault and battery upon one *Joseph Howard,* with intent to murder, and, on the hearing of said charge, was recognized to the Circuit Court to answer for obstructing legal process; and, afterwards, on a subsequent day, was charged before said *Stapp,* in another affidavit, with having murdered said. *Howard,* and was recognized in another recognizance, for that offence, which was the same transaction, offence and breach of the peace, for which said *Thomas* had been recognized in the recognizance for obstructing legal process; and after said second recognizance, he, said *Thomas* was suffered by his sureties therein to go at large.

3. That on the 16th day of *May,* 1850, one *Joseph Howard* appeared before said *Milton Stapp,* mayor and justice as aforesaid, and made oath that he had been shot by one *Henry Holtzclaw* with intent him, the said *Howard,* then and there to kill and murder; and that the said

*Thomas* and others were then and there present, aiding and abetting said *Henry*, and whilst said *Howard* was engaged in the discharge of his duty as a constable of said county; and that, thereupon, said *Thomas* and others were arrested and brought before said *Stapp*, and an investigation of said charge had, upon which, without any other charge having been made before him against said *Thomas*, and without the said *Thomas* having committed any offence whatever in the view of said *Stapp*, he required the said *Thomas* to enter into the recognizance in said *scire facias* mentioned, &c., which was to answer for obstructing the service of process.

Demurrers to the second and third pleas overruled, and final judgment rendered for the defendants.

We think the Court erred in overruling the demurrer to the second plea. It shows no excuse for failing to produce *Holtzclaw* at Court to answer. The fact that he was subsequently arrested on another charge, and bailed and suffered to go at large, constitutes no defence. That did not prevent the present defendants from taking him into custody, at any time, upon a bail-piece; nor did it deprive them of any right they possessed as bail. If, at any time, even while he was in custody upon the second charge, they had wished to exercise the privilege allowed them of surrendering him up and releasing themselves, it was in their power to do so, and the writ of *habeas corpus* was at their command in aid of the surrender, if it was needed. The second proceeding against *Holtzclaw*, set up in the plea, may have been resorted to, and probably was, as a mode of getting additional security to that already given, it being discovered that he might be guilty of a higher crime than that for which he had been recognized; and in taking which additional bail, that already given may have been considered; and if that bail had not wished that such should be the case, a surrender should have been made, that the recognizing magistrate might act advisedly. In the *People* v. *Stager*, 10 Wend. 431, it is decided that, if, "after a recognizance is entered into, the party charged is arrested upon a bench-warrant

issued upon an affidavit for the same offence," the bail are discharged; but that presents an entirely different case from the present. It may be regarded as showing, in effect, a surrender, in the particular case, by order of the Court.

We think the Court erred also, in overruling the demurrer to the third plea. That plea was put in under the idea that a justice of the peace has no power to recognize an accused person to answer for any crime except the particular one named in the affidavit to procure his arrest. We are not prepared to admit the doctrine. We should be unwilling to decide that if a man was arrested upon a charge of murder, he could not be recognized for manslaughter, should the evidence induce the justice to believe that that was the grade of the crime committed. In the Circuit Court, if a party is charged with one offence, and, on the trial, the evidence shows him to be guilty, not of that, but another, the Court will order him into custody till he can be arraigned for such other. And so on an examination before a magistrate, should the evidence satisfy him that a crime different from the one charged had been perpetrated by the accused, he surely might hold him in custody till an affidavit fitting the case could be made, and then recognize him upon it. That he would be bound to do so, we do not here decide, as it is not necessary to express an opinion on the point. In the case before us, the magistrate did not travel beyond the charges contained in the affidavit upon which the arrest was made, as the plea clearly shows. It states that *How-ard* made oath that he had been shot whilst engaged in the discharge of his duty as constable, &c.; showing in the affidavit that the act might fall under the definition of some one out of, perhaps, three crimes, and, hence, leaving it for the examining justice to determine the particular one from the evidence.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. W. Chapman,* for the state.

*J. G. Marshall,* for the defendant.