[Filed January 24, 1887.]

## M. D. CLIFFORD, District Attorney, v. H. L. MARSTON and L. MOORHOUSE.

Undertaking on Bail—Forfeiture of.—In an action upon an undertaking given for the appearance for trial of a defendant indicted for a crime, an entry in the journal of the court where such indictment was triable, and subsequent to the day fixed for the trial, which after the title of the cause recites that "now on this day came the State of Oregon, by M. D. Clifford, district attorney, and the defendant, though duly called three times at the court-house door, came not but made default," though not skillfully expressed, sufficiently imports that the case came on for trial upon such indictment, and that the defendant, without excuse, failed to appear for trial.

Same—Evidence.—It seems that under the code of this state, the failure of the principal in such an undertaking to comply with its conditions by appearing for trial, can be proved only by the journal of the court in which the proceedings on the indictment are had.

Umatilla County. Defendants appeal. Affirmed.

*J. J. Balleray*, for Appellants.

*L. B. Cox*, for Respondent.

Thayer, J.—The respondent, as district attorney for the sixth judicial district of the state, including within it the county of Umatilla, commenced an action in the circuit court of said county against the appellants, upon an undertaking alleged to have been executed by them as sureties for John P. Looney, that he should appear and answer a certain indictment found against him and one Robt. Looney, by the grand jury in and for the said county of Umatilla, charging them with the crime of larceny of 240 head of sheep, and upon which they had been admitted to bail, in accordance with an order made by Hon. M. L. Olmstead, the circuit judge of the said court. The said

undertaking was in the sum of one thousand dollars, and contained the usual conditions ; and was in the form provided in section 207 of the criminal code, for putting in bail after indictment and before judgment. The complaint contained allegations that the respondent was such district attorney, and the other facts above referred to ; and also stated in substance that the said John P. Looney failed to comply with the conditions of the undertaking, but made default thereon.

The appellants, after having demurred to the complaint and the court had overruled it, interposed an answer, denying the failure to comply with the conditions of the undertaking, and of any default having been made by the said John P. Looney, as alleged. The issues so formed were tried by the court without a jury. Upon the trial the respondent's counsel, in order to prove his case, offered in evidence three journal entries of the said court, of proceedings had upon said indictment. The appellants' counsel objected to the introduction of each of them, but the court overruled the objections and admitted them in evidence, and the appellants' counsel took exceptions to the ruling. One of the journal entries is entirely immaterial, but its admission did not prejudice the appellants, and it is unnecessary to refer to it further. The following is a copy of each of the others :

January 30th, 1886. Sixth judicial day. January term, 1886. *State of Oregon* v. *John P. Looney* and *Robert Looney.* Now, on this day, this cause came on for trial, upon the indictment charging the defendants jointly with the crime of larceny of two hundred and forty head of sheep ; and the said defendants demanding separate trials, and the defendants appearing in person, as well as by Tustin & Leasure, of counsel, and the state of Oregon, by M. D. Clifford, district attorney, electing and appointing that the defendant John P. Looney should be first tried. Whereupon, said John P. Looney filed his application for a continuance : and after argument of counsel, and the court being fully advised, it is ordered, considered and adjudged that this cause be continued for the term as to said John P. Looney, and that the same be set down for trial on the second day of the next regular term of this court.

May term, 1886. Saturday, May 18, 1886. Sixth judicial day. *State of Oregon* v. *John P. Looney* and *Robert Looney.* Now, on this day, came the state of Oregon, by M. D. Clifford, district attorney; and the defendant, John P. Looney, though duly called three times at the court-house door, came not, but made default; and it appearing to the court that the defendants had heretofore, by an order of this court, duly made in its journal, been admitted to bail in the sum of one thousand dollars, and that the defendant John P. Looney had heretofore duly presented his undertaking of bail, in accordance with said order, in the sum of one thousand dollars, which was duly accepted and filed with the clerk, the sureties thereon, to wit, H. L. Marston and Lee Moorhouse, were each called three times at the court-house door, and bidden to bring the body of the defendant, John P. Looney, into court, in order to avoid the forfeiture of this undertaking; and they each failed to answer, but made default.

Thereupon, it was ordered and adjudged by the court that the said undertaking be, and the same is, hereby forfeited to the state of Oregon, and that the same be collected as by law in such case made and provided.

These two entries were properly received in evidence; they were relevant and material to the issue. The only possible objection to them would be that they did not tend to prove a breach of the consideration of the undertaking: whether they were sufficient for that purpose or not the court could not be expected to determine upon an objection to their introduction. That they did tend to show that the said John P. Looney had made default in his appearance, there can be no doubt. The only question for us to consider is as to their sufficiency for the purpose indicated. The respondent's counsel claims that the appellants' counsel did not raise that question; that the objections to their admission were based upon other grounds. That, however, is too technical. I think we should consider as to their sufficiency, and if they did not establish a breach of the undertaking, send the case back.

The admission of the first journal entry was preparatory to

the introduction of the second one, and consequently it is only necessary to consider the latter ; but that must be viewed in the light of all the facts of the case that are before us. It shows that the court did a great deal in the matter that was superfluous and unauthorized by the statutes. The criminal code prescribes in plain terms the course to be pursued in such a case. Sec. 228 provides that, " if, *without sufficient excuse*, the defendant neglect or fail to appear for *arraignment*, or *for trial, or upon any other occasion when his presence in court may be lawfully required ; or to surrender himself in execution of the judgment*, the court must direct *the fact* to be *entered in its journal ;* and the undertaking of bail, or the money deposited in lieu thereof * * * is thereupon forfeited." It was only necessary to follow out these requirements, which would have been much easier than to devise a long recital of matters not contemplated by the provision. If the court had said : " This cause came on for trial, the defendant was called but neglected to appear for trial, and no sufficient excuse having been shown for his failure to appear, ordered, that the fact of his non-appearance be entered in the journals of the court," it would have been ample. Calling the sureties, and adjudging the undertaking forfeited, were wholly unnecessary acts. The law adjudges the forfeiture of the undertaking whenever there is a failure upon the part of the principal in the undertaking to comply with its conditions; though, I think, under the code of this state, that the proof of such failure must come from the journals of the court in which the proceedings on the indictment are had.

The appellants' counsel claims that the said journal entries do not show that the conditions of the undertaking were broken by the said John P. Looney. That they are inartistic will not be denied ; but taken together, we are of the opinion that they do show that said Looney, without excuse, failed to appear for trial. He stood indicted in the said circuit court for a felony ; the trial of his case was set for the second day of the term ; on the sixth day of that term, in the language of the journal entry, " came the state of Oregon, by its district

attorney, and the defendant John P. Looney, though duly called three times at the court-house door, came not, but made default." This language fairly imports that the case came on for trial, and that the said defendant neglected to appear for trial. That he was called to be tried upon the charge in the indictment there can be no question, in view of the status of the case ; and that he made default, implies neglect to do what the law required him to do ; that is the meaning of the term " default."

I think that by any fair construction of the language, it must be inferred that the said John P. Looney failed, without sufficient cause, to appear for trial upon said occasion. He certainly would not have been called for any other purpose than to be tried, and it must have been for the purpose of having him tried that the state " came," by the district attorney. The facts are not set out in the entry with that particularity they might have been ; nor as fully as they perhaps ought to have been ; but I think they are sufficient to show that the conditions of the undertaking had not been complied with, and that the appellants had become liable to the payment of the amount for which they became surety thereby.

The judgment appealed from should, therefore, be affirmed.