Decided at PENDLETON, July 18, 1896.

## STATE *v.* GARDNER.

[45 Pac. 753.]

BAIL BOND — BREACH — CODE, §§ 1589, 1470. — A bail bond in the form provided by Hill's Code, § 1470, for an undertaking after commitment and before indictment, which in effect states that the examination of the principal in the bond has been completed, and requires that he shall appear and answer the charge on which he has been held, in whatever court it may be prosecuted, and shall at all times render himself amenable to the orders and process of the court, and, if convicted, shall appear for judgment, taken by a committing magistrate prior to adjournment of the examination, does

not require defendant to appear before such magistrate for examination at the time to which the adjournment is taken, and failure to do so is not a breach.

From Wallowa: ROBERT EAKIN, Judge.

Action by the State of Oregon against J. P. Gardner and John P. Shevlin on a bail bond executed by defendants and one R. M. Downey. From a judgment in favor of plaintiff, defendants appeal.

REVERSED.

For appellants there was a brief and an oral argument by *Mr. Charles H. Finn.*

For respondents there was a brief by *Messrs. John L. Rand,* district attorney, and *Ivanhoe and Sheahan,* with an oral argument by *Mr. Rand.*

Opinion by MR. CHIEF JUSTICE BEAN.

This is an action to recover five hundred dollars alleged to be due from the defendants as bail for one R. M. Downey. From the findings of fact it appears that on August eighteenth, eighteen hundred and ninety-three, Downey was arrested upon a charge of larceny of a cow, and taken before J. B. Olmstead, County Judge of Wallowa County, sitting as a committing magistrate, for examination, who adjourned the hearing for three days upon motion of the accused, and ordered that he be admitted to bail in the sum of five hundred dollars pending the examination. The defendants thereupon made, executed, and filed with the magistrate an undertaking of which the following is a copy:—

"*In the County Court of the State of Oregon for Wallowa County.*

"STATE OF OREGON, plaintiff,⎫
                       *v.*          ⎬
"R. M. DOWNEY, defendant. ⎭

"State of Oregon, County of Wallowa: *ss.* An order having been made on the eighteenth day of August, eighteen hundred and ninety-three, by J. B. Olmstead, county judge of the above named county and state, that R. M. Downey be held to answer on a charge of larceny of a cow, upon which he has been duly admitted to bail in the sum of five hundred dollars, we, J. P. Gardner of Enterprise, Wallowa County, Oregon, by occupation a farmer, and John P. Shevlin, of the same place, by occupation a farmer, hereby undertake that the above R. M. Downey shall appear and answer the charge above mentioned in whatever court it may be prosecuted, and shall at all times render himself amenable to the orders and process of the court, and, if convicted, shall appear for judgment and render himself in execution thereof, or if he fail to perform either of those conditions that we will pay to the State of Oregon the sum of five hundred dollars.

"Witness our hands and seals this eighteenth day of August, eighteen hundred and ninety-three.

"J. P. GARDNER [SEAL].
"JOHN P. SHEVLIN [SEAL]."

This undertaking having been approved, Downey was released from custody, but, having failed and neglected to appear at the time to which the exam-

ination had been adjourned, the magistrate caused an entry of that fact to be made in the minutes of the proceedings, and adjudged the bond forfeited.

The only question on this appeal is whether the defendants were required by the terms of their undertaking to produce Downey before the magistrate on the twenty-first of August for examination. We think not. It does not purport to have been given for that purpose, and the sureties are entitled to stand on their contract according to its terms; and if it does not correctly state the intention of the parties the omission cannot be supplied by parol. The undertaking is not of the character contemplated by the section of the statute authorizing a magistrate to discharge a defendant from custody pending an examination, upon his giving bail or depositing money in lieu thereof for his appearance at a time to which the examination is adjourned, (Hill's Code, § 1589,) but is in the form provided for an undertaking of bail after commitment and before indictment: Code, § 1470. It in effect states that the examination of Downey has been completed, and that he is held to answer. The agreement of the sureties is that he shall appear and answer the charge upon which he has been held in whatever court it may be prosecuted, and, if convicted, shall appear for judgment, and this is the extent of their obligation. The undertaking as given by them contains no contract or agreement on their part that Downey would appear before the magistrate for examination at any time or place at

29 OR.—17.

all, and therefore his failure to do so was not a breach of their contract. The judgment of the court below must be reversed, and the cause remanded with directions to dismiss the complaint.

REVERSED.

Decided at PENDLETON, July 18, 1896.