Superior Court of Cincinnati.
MARGUERITE C. HALEY v. ABBIE CURRIN et al.

---

Our statute does not require that an assignment of a real estate mortgage must be recorded in order to give the assignment validity as against a creditor of the assignee who secures a judgment after the assignment.

SMITH, J.

The defendants Abbie Currin et al. executed their note and mortgage to Marguerite C. Haley, who subsequently brought a suit in foreclosure and on February 20, 1899, secured a judgment against said defendants and an order of sale of the property. The property was sold under said order and the sale confirmed October 29, 1900. The proceeds of sale are now in the hands of the sheriff awaiting distribution.

On December 13, 1899, Rufus Burkhardt, administrator of Frederick Burkhardt deceased, secured a judgment against Marguerite C. Haley, and by leave of court has filed an answer and cross-petition in this case alleging that said Marguerite C. Haley has no property subject to execution and asks the court to subject her interest in the fund realized from the foreclosure sale, to the payment of the judgment.

Upon the hearing of the matter it appears that on May second, 1899, said Marguerite C.

Haley for a valuable consideration transferred her interest in the note and mortgage to Alice L. Collins; and by said subsequent instrument executed June 11, 1899, for a valuable consideration transferred the note, mortgage and judgment to the same person. The second instrument was executed for the purpose of curing any possible defects in the first assignment.

Neither of the assignments of the mortgage were placed on record.

The contention of Burkhardt is that an unrecorded mortgage is postponed to a judgment creditor of the mortgagor, and for the same reason an unrecorded assignment of a mortgage is of no validity against a judgment creditor of the mortgagee.

It is undoubtedly true that by force of the statutes of Ohio an unrecorded mortgage is of no validity against a judgment creditor of the mortgagor for the reason that as to third persons the mortgage has no validity until recorded. Mayhan v. Coombs 14 O. 428; Jackson v. Luce, 14 O. 514; White v. Denman, 16 O. 59; S. C., 1 O. St., 110; Holliday v. The Franklin Bank of Columbus, 16 O. 533; Bloom v. Noggle, 4 O. S., 54.

But it is not true that when a mortgage is recorded its assignment is not valid as to third persons unless recorded; for in Holliger v. Bates, 43 O. S., 446, the Supreme Court has said:

"Conceding that a written assignment of the mortgage may, under the statute be recorded and thus be notice to others, yet, the statute does not require it, and a failure to have it done can not divest the assignee of his rights and equities."

The assignment in this case, therefore, of the mortgage by Marguerite C. Haley to Alice L. Collins is to be preferred to the judgment secured by Rufus Burkhardt, administrator, subsequent to the assignment.

Wm. G. Kittredge, for Burkhardt, Administrator.

Oscar Kuhn, for Mrs. Collins.