Argued November 6, decided December 15, 1908.

## MALHEUR COUNTY *v.* CARTER.

[98 Pac. 489.]

BAIL—ACTIONS ON BOND—PARTIES.

1. Under Section 358, B. & C. Comp., providing that fines and forfeitures not specifically granted or otherwise appropriated, when recovered, shall be paid into the treasury of the proper county, an action on a bail bond to secure the appearance of one charged with larceny, may be brought by the county in the circuit court of which the accused was to appear for trial, although the bond runs to the State.

BAIL—ACTIONS ON BOND—COMPLAINT.

2. Where the complaint, in an action on a bail bond, did not show the occasion for taking the bond; nor allege that any criminal proceeding had been commenced or was pending against K., the principal therein; nor that any examination had been held before an officer qualified to hold an examination; nor that K. had been admitted to bail; nor that it had been adjudged that there was probable cause of believing K. guilty of some specified charge; nor that he was held to answer any charge, or held to bail, or required to put in bail; nor that there was any breach of the undertaking; nor that the undertaking declared upon was filed with the clerk of the circuit court—it was demurrable.

PLEADING—EXHIBITS.

3. An exhibit to a pleading cannot supply the lack of necessary and material averments.

BAIL—BOND—FORM—RECITAL OF CHARGE.

4. Section 1505, B. & C. Comp., requires, in an undertaking to be used in case of commitment, a recital of the fact that an order has been made by the committing magistrate that the accused has been held to answer a specified charge. Section 1643, prescribing the form of an order of commitment, requires a statement therein that a certain crime has been committed, and that there is sufficient cause to believe accused guilty thereof. *Held*, that a bail bond was void because it did not show upon its face jurisdiction to take the bond, where it did not show that any order had been entered, by any judicial officer having jurisdiction, holding the accused to answer for a specified charge, nor that the sureties contracted that he would appear to answer a stated charge, but only that he would appear generally.

BAIL—BOND—FORM—EXTENT OF LIABILITY—"BAIL BOND."

5. A "bail bond" is a statutory undertaking to pay money under certain conditions, and, to be enforceable, it must be taken in substantial compliance with the terms of the statute authorizing it, and if not so taken, it cannot be enforced as a common-law undertaking, and the sureties are entitled to stand on their contract according to its terms.

From Malheur: GEORGE E. DAVIS, Judge.

Statement by MR. COMMISSIONER SLATER.

This action was brought by Malheur County against Charles Carter and Charles A. Goddard, as sureties upon an undertaking for bail, given to secure the appearance of Lee Kurts in the circuit court of that county at its next regular term after October 29, 1906, the date of the instrument. The complaint, after an averment of the corporate existence of the plaintiff, contains an allegation that the undertaking was given to the State by Kurts, stating the substance or legal effect of the undertaking, and that a copy thereof, marked "Exhibit A," is attached to and made a part of the complaint; that defendants became sureties thereon, and thereby became

indebted to the State of Oregon in the amount of the undertaking, in the event that Kurts failed to keep and perform the conditions thereof. The breach alleged is that, at the April term of the circuit court—that being the next regular term after October 29—an indictment was found and returned against Kurts (but it is not stated for what crime), and that thereafter the district attorney obtained leave of the court to arraign Kurts on such indictment; that he did not appear, but made default, and that the undertaking was forfeited by the court. A demand on the defendants for payment, and their failure to respond are also alleged. Defendants demurred, assigning as grounds therefor all of the causes permitted by the statute. This being overruled, and defendants declining to plead further, judgment was accordingly entered against them, from which they have appealed.                                    REVERSED.

For appellants there was a brief over the names of *Mr. William H. Brooke* and *Mr. Francis M. Saxton,* with an oral argument by *Mr. Brooke.*

For respondent there was a brief and an oral argument by *Mr. John W. McCulloch,* District Attorney.

Opinion by MR. COMMISSIONER SLATER.

1. The undertaking upon which the action is based is made to the State, while the action is brought in the name of the county, where the accused was required to appear, and it is contended that the county cannot sue to enforce the penalty, but that the action should be in the name of the State. Heretofore the practice has been to sue in the name of the State (*State* v. *Gardner,* 29 Or. 254: 45 Pac. 753) or in the name of the district attorney, as authorized by Section 355 B. & C. Comp. (*Hannah* v. *Wells,* 4 Or. 249; *Belt* v. *Spaulding,* 17 Or. 130: 20 Pac. 827; *Clifford* v. *Marston,* 14 Or. 426: 13 Pac. 62). But it is now urged, for the first time, that the action

may be brought in the name of the county, because it is the real party in interest. This result, it is claimed, follows from the provisions of Section 358, B. & C. Comp. by which fines and forfeitures, not specifically granted or otherwise appropriated by law, when recovered, shall be paid into the treasury of the proper county. The State of California has substantially the same statutory provision, and in the case of *Mendocino County* v. *Lamar,* 30 Cal. 627, which was an action to recover the amount of a recognizance, the same objection was raised, and the court held that the action was properly brought by the county, because, by force of the legislative direction, the money—when collected—belonged to the county, which made it the real party in interest. This case was subsequently followed and approved by that court in the cases of *County of San Francisco* v. *Randall,* 54 Cal. 408, and *People* v. *Haggin,* 57 Cal. 579, and in *People* v. *De Pelanconi,* 63 Cal. 409, it was held that the action may be brought in the name of either the people or the county. We see no reason why the county, under such circumstances, should not be allowed to maintain the action, and therefore, conclude that the action was properly brought.

2. It appears from the form of the undertaking, a copy of which is attached to the complaint, that it was taken before a justice of the peace, when acting as a committing magistrate, and after a preliminary examination had been had upon a charge preferred against Kurts for the larceny of a cow. In this State the right to take bail from one accused of a crime, conditioned that he should appear in a circuit court, depends upon a valid order having been previously entered by a committing magistrate, the form of which order has been particularly prescribed by Section 1643, B. & C. Comp. to the following effect: "It appearing to me from the testimony produced before me on the examination, that

the crime of (designating it generally) has been committed and that there is sufficient cause to believe A. B. guilty thereof, I order him to be held to answer the same"—and by Section 1648, if the crime be "bailable, the magistrate must admit the defendant to bail, by adding to the order mentioned in Section 1643, words to the following effect: 'And I have admitted him to bail, to answer in the sum of —— dollars.' " The complaint should sufficiently show the authority and jurisdiction of the court to take the recognizance, though it has been held by some courts that it is not necessary to state the principal facts or circumstances conferring jurisdiction in the particular case (5 Cyc. 141), but in this State it is the established rule that the facts conferring jurisdiction must be alleged, and that no presumption will be indulged in favor of the jurisdiction of a court of inferior jurisdiction or limited power, thereby rendering it necessary in alleging the judgment of such court, not only to state that it was duly given or made, but also, all the facts requisite to show jurisdiction of the person in the manner prescribed by law: *Dick* v. *Wilson,* 10 Or. 490; *Page* v. *Smith,* 13 Or. 410 (10 Pac. 833) ; *Fisher* v. *Kelly,* 30 Or. 1 (46 Pac. 146). And it has been held in *Hannah* v. *Wells,* 4 Or. 253, that to constitute a good cause of action on an undertaking for bail, it was necessary to allege that defendant was charged with a crime, that an examination was had, and that he was held to answer the charge. This is held to be the correct practice in *Noble* v. *People,* 9 Ill. 433; *Hawkins* v. *State,* 24 Ind. 288; *State* v. *Lagoni,* 30 Mont. 472 (76 Pac. 1044) ; *U. S.* v. *Keiver* (C. C.) 56 Fed. 422; *People* v. *Koeber,* 7 Hill (N. Y.) 39; *People* v. *Young,* 7 Hill (N. Y.) 44. The complaint does not show the occasion for the taking of the bond; does not allege that any criminal proceeding had been commenced or was pending against Kurts; nor that any examination had been

had before an officer qualified by law to hold an examination or admit to bail; nor that upon such examination, or otherwise, it was held or adjudged that there was probable cause for believing the defendant guilty of some specified charge; or that he was held to answer any charge; or that he was held to bail or required to put in bail by anybody. For aught that appears in the complaint proper, the giving of bail was a mere voluntary act; not even the name of the officer who assumed to take the bail is given.

3. True, some information upon some of these essential averments may be had by reference to the recitals in the copy of the undertaking attached to the complaint and by allegation made a part thereof, but an exhibit to a pleading cannot serve the purpose of supplying necessary and material averments: *Caspary* v. *Portland,* 19 Or. 496 (24 Pac. 1036: 20 Am. Rep. 842) ; *Riley* v. *Pearson,* 21 Or. 15 (26 Pac. 849). Nor is there any breach of the undertaking shown. It is alleged that an indictment was found and returned against Kurts in the circuit court of Malheur County, but for what is not shown. It is also alleged that the district attorney obtained leave of the court to arraign Kurts upon such indictment returned against him, and that he failed to appear, but made default, and that, by an order of the court, the undertaking was forfeited. But this falls short of averring that the accused was called for arraignment, and until he was lawfully required to appear and failed to do so, there could be no breach of his bond; and the forfeiture must not only be alleged to have been judicially declared, but also that it was duly entered of record: 5 Cyc. 143; Section 1526, B. & C. Comp. The proof of failure to appear and of the forfeiture must come from the journal of the court in which the proceedings on the indictment are had (*Clifford* v. *Marston,* 14 Or. 426: 13 Pac. 62), and it should be so alleged.

There is also an absence of the necessary averment that the undertaking declared upon was filed with the clerk of the circuit court. Until this has been done no judgment of forfeiture can be given or rendered by such court: *Belt* v. *Spaulding,* 17 Or. 130 (20 Pac. 827). For these reasons the demurrer to the complaint should have been sustained.

4. It is also urged upon this court that the undertaking, in itself, is so fatally defective that under no circumstance could a recovery be had. It recites that "an examination having been held on the 29th day of October, 1906, in the justice court for the County of Malheur and precinct of Ontario, charging Lee Kurts with the crime of larceny of a cow, and the said Lee Kurts having been held to appear before the grand jury of the County of Malheur and State of Oregon, at the next regular term of the circuit court of the said county and State, and he having been duly admitted to bail in the sum of $750, we, Charles Carter and Charles A. Goddard, hereby undertake that the above-named Lee Kurts shall appear in the court above mentioned, at the time therein stated, and shall at all times render himself amenable to the order and processes of the court, and if convicted, shall appear for judgment and render himself in execution thereof, and if he fail to perform either of these conditions, that we will pay to the State of Oregon the sum of $750." The defects claimed to exist are that it is not shown upon the face of the undertaking (1) that Kurts was held to answer a specified charge; and (2) that the sureties have not contracted that Kurts should appear, either at a particular court, or to answer any specified charges—while plaintiff contends that it does state a crime charged, and that the contractual part of the undertaking requires the accused to appear at the next term of the circuit court for Malheur County. But, as we understand the language, it does no more than

recite the charge preferred against Kurts before the jus-
tice, and upon which he was arrested, and not that for
which he was held to appear before the grand jury, a
thing wholly without the jurisdiction of the justice.  In
this State the legal cause for the taking of bail by a com-
mitting magistrate is that an order has been made by
such officer that the accused be held to answer upon a
charge, stating briefly the nature of the crime; but a
recital that Kurts had been examined upon a charge of
the larceny of a cow, and was held to appear before the
grand jury of the county, is not sufficient to support a
contract to appear at the circuit court.  And while the
language of the contractual part may be construed to
require Kurts to appear in the circuit court of Malheur
County, and render himself amenable to the order and
process of the court, yet it does not require him to
answer a specified charge, or to answer at all.  The form
of the undertaking provided by Section 1505, B. & C.
Comp. to be used in cases of commitment, requires a
recital of the fact that an order has been made by the
committing magistrate that the accused has been held
to answer a specified charge, stating it generally.  The
order there referred to is the jurisdictional fact which
authorizes the magistrate to commit the accused and
take bail from him.  It must have been made and entered
as provided in Section 1643, B. & C. Comp.  Construing
these two sections together, as they should be, it is appar-
ent that the undertaking must be given to answer the
crime found by the magistrate to have been committed,
and of which he believes the accused guilty, and not the
offense with which the defendant was charged upon his
arrest.  He may have been arrested upon one charge,
but held to answer upon another and entirely different
one.  When the evidence produced upon the examination
fails to show that the crime specially charged or desig-
nated in the warrant of arrest has not been committed,

but the acts proved against the defendant constituted a different crime, the magistrate should hold the defendant to answer for the crime disclosed on the examination: *Hannah* v. *Wells,* 4 Or. 249; *People* v. *Wheeler,* 73 Cal. 252 (14 Pac. 796) ; *State* v. *Shaw,* 4 Ind. 428; *Redmond* v. *State,* 12 Kan. 172.

By all the authorities it is essential to the validity of a recognizance or undertaking for bail that it specify upon its face the charge which the accused is held to answer, and it has been so held by this court (*Hannah* v. *Wells,* 4 Or. 249, and *Belt* v. *Spaulding,* 17 Or. 130: 20 Pac. 827), and in this respect the statutory requirement has introduced no new rule on that subject, but it is declaratory of the common law. *People* v. *Koeber,* 7 Hill (N. Y.) 39, was an action in debt upon a recognizance taken before a justice of the peace. The recognizance showed that the accused was charged with the commission of a crime, not that there was probable ground to believe him guilty, or any cause for committing him to prison. It was held that simply showing that a party was charged with a crime is wholly insufficient; and in *People* v. *Young,* 7 Hill (N. Y.) 44, the only statement of the ground on which the recognizance was taken is that the party was charged with the offense. There was nothing to show that the recorder, by whom the recognizance was taken, gave the least credit to the charge, or held that there was any reason to believe the accused guilty, and it was there said that "bail is given to save a party from imprisonment; and, unless the magistrate holds the case to be one in which it is proper to commit, there is no authority to take bail." The objection was found to be fatal. It is proper to say, however, that these cases were criticised by the prevailing opinion in *People* v. *Kane,* 4 Denio (N. Y.) 530, but a strong dissenting opinion was presented by Mr. Justice BEARDESLEY. That case was put upon the ground that,

"when the recognizance has a condition to do some act, for the doing of which such an obligation may properly be taken, and the officer before whom it was acknowledged had authority by law to act in cases of that general description, * * the recognizance is valid, although it does not recite the special circumstances under which it was taken," but it was also there said that, "as the recognizance must be conditioned to do some act for the doing of which such an obligation may be taken, it will, to that extent, show the cause of its caption." And in a still later case (*Champlain* v. *People,* 2 Comstock, N. Y. 82), the two former cases are again adverted to and criticised, but in this case a recognizance was taken before a supreme court commissioner, who by statute had power to let to bail in all cases where bail might be taken, and his authority extended, not only to the cases in which the offender may have been arrested and examined according to provisions of the statute, but to all other cases in which bail may be taken at common law. His jurisdiction was general, and not limited. It is distinctly stated in the opinion that the statute "which confers the power to take bail on the officers therein mentioned does not limit their power to take a recognizance to the cases in which the charge is on oath, or in which the offenders have been adjudged to be committed, in case bail be not given," and this is the basis of the criticism of *People* v. *Kane,* 4 Denio (N. Y.) 530, and *People* v. *Young,* 7 Hill (N. Y.) 44, thereby conceding that, if the authority to take bail were limited to cases where "the offenders have been adjudged to be committed in case bail be not given," the decision would have been different, and that these cases criticised would be correctly decided; anl such is the state of the law in this State. A magistrate may commit only when it has been adjudged that a crime has been committed; that there is reason to believe the accused is the guilty

party, and he has been held to answer the same, and he may take bail only when such commitment has been made. So that *People* v. *Koeber,* 7 Hill (N. Y.) 39, and *People* v. *Young,* 7 Hill (N. Y.) 44, are in point here.

5. The whole law on the subject of bail in criminal cases is contained in the Code. It not only directs when bail shall be allowed, and by whom it shall be taken, but it prescribes the form of the undertaking: Section 1505, B. & C. Comp. The statute not only prescribes the thing to be done, and when it may be done, but also the form in which it is competent to do it. Such form is a part of the law, and to be a binding obligation the undertaking must contain substantially, at least, all of the material elements of the form prescribed: *Dover* v. *State,* 45 Ala. 244. A statutory undertaking is not a common-law recognizance or bond. It is simply a statutory contract to pay money under certain conditions: *State* v. *Hays,* 2 Or. 314; *Whitney* v. *Darrow,* 5 Or. 442. To be enforceable it must have been taken in substantial compliance with the terms of the statute authorizing it, and if not so taken, it cannot be enforced as a common-law undertaking (*Williams* v. *Shelby,* 2 Or. 144), and the sureties are entitled to stand on their contract according to its terms (*State* v. *Gardner,* 29 Or. 254: 45 Pac. 753). Under this state of the law we feel bound to say that the undertaking on which this action is based is void, because it does not show upon its face jurisdiction to take it. It does not appear thereon that any order had been entered, by any judicial officer having jurisdiction, holding the accused to answer for a specified charge. Nor have the sureties contracted that he would appear to answer a stated charge, but only that he appear generally, for which there is no warrant in law.

The judgment should be reversed, and the cause remanded, with instructions to sustain the demurrer.

REVERSED.