Argued May 1, reversed November 29, 1967

## UMATILLA COUNTY, *Respondent, v.* UNITED BONDING INSURANCE COMPANY, *Appellant.*

434 P. 2d 329

*A. J. Morris,* Eugene, argued the cause for appellant. With him on the briefs were Bartle & Leahy, and Bailey, Hoffman, Spencer & Morris, Eugene.

*Richard J. Courson,* District Attorney, Pendleton, argued the cause and filed a brief for respondent.

Before PERRY, Chief Justice, and McALLISTER, SLOAN, O'CONNELL, DENECKE and REDDING, Justices.

McALLISTER, J.

This is a consolidated appeal by the defendant, United Bonding Insurance Company, from two judgments, each requiring it to pay to Umatilla County the amount of an appeal bond posted by defendant on behalf of one Bobby Ray Anderson in a criminal case. The decisive question on appeal is whether there is any evidence to support the findings of the trial court.

The controlling facts were either stipulated in the court below or consist of records introduced without objection. It appears that Anderson within a short space of time was convicted in Umatilla county of four separate felonies. We are concerned here with two of the convictions, which we shall call case No. 2 and case No. 3. The two cases, except for the amount of the bonds, were similar, and we need recite only the history of case No. 2. On October 7, 1964, Anderson was convicted of a felony in the circuit court for Umatilla county, and sentenced to a three-year term in the penitentiary. He appealed, and on October 13, 1964, the defendant filed on his behalf an undertaking on appeal in the amount of $7,500.

At an earlier date Anderson had been convicted of another felony in Umatilla county, had appealed, and defendant had posted an appeal bond on his behalf. Anderson's conviction in case No. 1 was affirmed by this court on June 30, 1965,[①] and when our mandate was entered Anderson failed to appear for execution of sentence and his appeal bond in that case was forfeited. The forfeiture of that bond is not involved in this proceeding. However, because of that forfeiture the district attorney initiated the proceedings which resulted in this litigation.

---

[①] State v. Anderson, 241 Or 18, 403 P2d 778 (1965).

On July 28, 1965, while both case No. 2 and case No. 3 were pending on appeal in this court, the circuit court issued a citation to Anderson, his attorney, and his surety, requiring them to appear on August 5, 1965, and show cause why Anderson's bail in both cases should not be increased to $25,000. Anderson, who was not personally served, did not appear and on August 5, 1965, the circuit court entered an order requiring United Bonding Insurance Company to produce Anderson before the court on August 9, 1965. Anderson was not produced on August 9, and on that date the circuit court entered orders forfeiting Anderson's bail posted by United Bonding in both cases.

Anderson was returned to Umatilla county by the bonding company on September 6, 1965, and taken to the penitentiary to serve his sentence in case No. 1.

Thereafter, on November 17, 1965, these actions were filed by Umatilla County to recover judgments on the bonds posted by United Bonding in case No. 2 and case No. 3.

Thereafter, on December 8, 1965, this court affirmed Anderson's conviction in case No. 2,[2] and pursuant to our mandate an order was entered in the court below directing the sheriff to deliver Anderson to the penitentiary to serve his sentence. Anderson, of course, was already in the penitentiary serving his sentence in case No. 1. In case No. 3 we reversed the judgment of conviction.[3]

It will be noted that the maneuver by the district attorney to increase the bonds, the forfeiture of the bonds and the filing of these actions on the bonds, all occurred while the appeals in both case No. 2 and case

[2] State v. Anderson, 242 Or 186, 408 P2d 212 (1965).
[3] State v. Anderson, 242 Or 457, 410 P2d 230 (1966).

No. 3 were still pending in this court. During the oral argument in this court the district attorney candidly admitted that his effort to have the appeal bonds increased was a "gimmick" to induce the bondsman to "get this fellow and turn him over to the state."

ORS 140.100 requires that an undertaking on appeal shall be substantially in the form set out in the statute. The surety is required to undertake that the principal "will in all respects abide and perform the orders and judgments of the appellate court upon the appeal." (ORS 140.100 (3)). The bond in this case is in the language of the statute.

It is conceded that there was no breach of the condition of the appeal bond that Anderson would "abide and perform the orders and judgments of the appellate court upon the appeal." In the normal case in which the conviction is affirmed the only order or judgment of this court would be its mandate directing that the sentence of the court below be executed. When our mandate was issued in case No. 2 Anderson was already confined in the penitentiary.

■ The question is whether the circuit court could compel the surety to produce Anderson to show cause why his bail should not be increased, and upon the surety's failure to produce Anderson for that purpose could forfeit a bond given for another purpose. We think not.

■ Under ORS 140.050 (2) bail on appeal can be fixed either by this court or by the circuit court. The bail involved here was fixed by the circuit court and we will assume that the circuit court had the authority to increase the bail. Assuming that Anderson's presence was necessary as a prerequisite to increasing his bail, which we doubt, we have been cited to no authority

authorizing the circuit court to require defendant to produce Anderson, or authorizing the court to forfeit the bail upon defendant's failure to do so. If the court had increased the bail, which it did not do, and Anderson had failed to post the increased bail, the court could have issued a warrant for his arrest, but we think the court erred in assuming that it could require defendant to produce Anderson for a purpose not included within the purview of its bond.

We think *State v. Gardner,* 29 Or 254, 45 P 753 (1896), is controlling here. In that case this court held that bail given in the form provided for bail after commitment and before indictment could not be forfeited because the defendant failed to appear before the magistrate at a time to which his examination had been adjourned. In an opinion by Chief Justice ROBERT S. BEAN the court said, 29 Or at 257-8:

"The only question on this appeal is whether the defendants were required by the terms of their undertaking to produce Downey before the magistrate on the twenty-first of August for examination. We think not. It does not purport to have been given for that purpose, and the sureties are entitled to stand on their contract according to its terms; and if it does not correctly state the intention of the parties the omission cannot be supplied by parol. The undertaking is not of the character contemplated by the section of the statute authorizing a magistrate to discharge a defendant from custody pending an examination, upon his giving bail or depositing money in lieu thereof for his appearance at a time to which the examination is adjourned, (Hill's Code, § 1589,) but is in the form provided for an undertaking of bail after commitment and before indictment: Code, § 1470. It in effect states that the examination of Downey has been completed, and that he is held to answer. The agreement of the sureties is that

he shall appear and answer the charge upon which he has been held in whatever court it may be prosecuted, and if convicted, shall appear for judgment, and this is the extent of their obligation. The undertaking as given by them contains no contract or agreement on their part that Downey would appear before the magistrate for examination at any time or place at all, and therefore his failure to do so was not a breach of their contract. * * *"

See to like effect, *Swanson v. United States,* 224 F2d 795, 800, 801 (9th Cir 1955); *Dudley v. United States,* 242 F2d 656, 658 (5th Cir 1957); and 8 Am Jur2d 838, Bail and Recognizance § 96 (1963).

The judgments of the court below in the cases consolidated on appeal in this court are reversed.