THE STATE, Respondent, v. BEARD, Appellant.

1. Where the prosecution of an indictment is dismissed, on motion of the circuit attorney, at the costs of the defendant, an attorney's fee of four dollars is not properly taxable, under the general law, against the defendant as costs.

*Appeal from Monroe Circuit Court.*

The facts sufficiently appear in the opinion of the court. The legality of the taxation of the fee of four dollars was raised upon a motion to retax.

*Abernathy*, for appellant.

I. There was no conviction. The circuit attorney was not entitled to the fee of four dollars. (See R. C. 1855, p. 756, § 2.) The fifth clause refers to many cases where it is made his duty to prosecute or defend without indictment. The fees of the clerk, sheriff and witnesses were all the legal fees in the case.

NAPTON, Judge, delivered the opinion of the court.

This was an indictment for gaming, and upon motion of the circuit attorney the prosecution was dismissed at the costs of the defendant. A judgment for costs was entered, and the only question in the case is whether the attorney's fee was properly taxed against the defendant as costs.

The circuit attorney is allowed a fee of four dollars for a conviction upon indictment for an offence such as was prosecuted in this case. As there was no conviction, he was of course not entitled to this fee, unless the special agreement of the defendant with the circuit attorney was distinctly otherwise. It is not necessary to say whether such an agreement could be enforced in this way, since no such agreement is set up in the case.

The circuit court allowed the fee, under the fifth and seventh clauses of the section of the fee law regulating the fees of circuit attorneys. The fifth clause allows this officer a

fee of four dollars for "his services in all actions which it is his duty by law to prosecute or defend." It is obvious that this section has no reference to criminal proceedings, for which the second clause had already provided. The seventh clause relates to criminal proceedings, and deprives this officer of any fee when the indictment is quashed, or held bad on demurrer, or judgment is arrested. There is nothing in this clause which, either directly or by implication, could affect the question in this case.

Judgment reversed. The other judges concur.