THE STATE *ex rel.* ALFRED GENSEL, Petitioner, *v.* ALONZO THOMPSON, STATE AUDITOR, Respondent.

*Fees—Circuit Attorney—Officers.*—The circuit attorney is not entitled to any fee in criminal cases upon indictments when he fails to obtain a conviction.

*Petition for Mandamus.*

*Ewing & Smith,* for petitioner.

WAGNER, Judge, delivered the opinion of the court.

This is an application by the relator, who is circuit attorney for the first judicial circuit, for a writ of mandamus against the State Auditor, to compel him to audit an account for the sum of five dollars, and draw his warrant on the Treasurer therefor, which is claimed by the relator to be due him as a fee in a case wherein he acted as prosecuting attorney in the Cole Circuit Court.

The case was an indictment for murder, and on the trial the accused was acquitted, and it is now contended that in every case where a defendant is prosecuted on an indictment and acquitted, the circuit attorney is entitled to a fee of five dollars, except where the indictment is quashed, or held bad

on demurrer, or the judgment thereon is arrested by reason of the insufficiency of the indictment.

The fees of circuit attorneys are regulated by the Gen. Stat. ch. 32, § 2. It is declared that they shall be allowed for judgments obtained upon any proceeding of a criminal nature, otherwise than by indictment, five dollars; the amounts for conviction upon certain felonies are then specified, and it is also provided that they shall receive twenty-five dollars for a conviction in a capital case; whilst in the last subdivision of the section it is enacted that they shall have five dollars for their services in all actions which it is or shall be made their duty, by law, to prosecute or defend. And this last clause is relied on by the relator as governing this case. It will be perceived that the statute affirmatively expresses what the fees shall be where convictions are had in all offences; but no negative words are used prescribing any fees or allowances where the prosecutor is not successful in procuring a conviction.

The first clause gives the circuit attorney a fee of five dollars for judgments obtained upon any proceeding of a criminal nature, otherwise than by indictment; the last clause gives him the same fee for his services in all actions which it is or shall be made his duty by law to prosecute or defend. It is plain that the word action here mentioned has no reference to proceedings on indictment which are previously provided for. The law devolves on the circuit attorney the duty of appearing in many civil causes, especially where counties are interested, as well as where the State has a direct interest, and that the actions for which compensation is here given are of this nature would seem to be clear from the fact that he is required to defend as well as prosecute. The case for which the allowance is demanded being a capital one, the attorney was not entitled to the fee when he failed to convict.

The mandamus is therefore refused. The other judges concur.