———o———

THE STATE OF MISSOURI, *ex rel.*, JOHN G. WOODS, Circuit Attorney for the 5th Judicial Circuit, Respondent, *vs.* CALVIN W. NARRAMORE, DANIEL CRAMER, AND WILLIAM McKISSACK, Justices of the Ray County Court, Appellants.

1. *Criminal law—Cause, dismissal of—Fees—Agreement mandamus.*—In prosecutions for misdemeanors, where the proceedings were dismissed, an agreement by defendant with the Circuit Attorney to pay all costs including that officer's fee, would be contrary to public policy, and in case of the insolvency of defendant *mandamus* will not lie against the county judges to compel the payment of the fee.

*Appeal from Ray Circuit Court.*

James L. Farris, George W. Green and J. W. & J. E. Black, for Appellants.

John G. Woods, for Respondent.

SHERWOOD, Judge, delivered the opinion of the court.

This is a proceeding for a writ of mandamus, instituted in the Ray Circuit Court in the name of the State, on the relation of John G. Woods, Circuit Attorney of the 5th Judicial Circuit, to compel the Justices of the County Court of Ray County to show cause why they should not draw their warrant upon the treasurer of that county for certain fees, alleged to be due relator as Circuit Attorney. A demurrer was sustained to the alternative writ; leave granted relator to file his amended petition, which was done, and the parties then proceeded to trial upon the amended petition as an alternative writ, and we will so regard it.

This amended petition in substance charges that relator for more than three years last past had been Circuit Attorney for the fifth Judicial Circuit, that during that time a great number of cases of misdemeanor had been disposed of by the Circuit Court of Ray County; that in all of said cases when the defendants plead guilty, or were found guilty, a Circuit Attorney's fee of $5.00 was allowed relator as such Circuit Attorney; that in all cases of misdemeanor, when the defendants agreed to pay the costs, and such cases were dismissed by agreement of the Circuit Attorney and of the defendant and with the consent of the court, a fee of $5.00 was allowed to the relator as Circuit Attorney; that in all such cases, when the defendant was insolvent and unable to pay the costs, bills of costs duly examined and certified by the Judge and Circuit Attorney, were by the Circuit Clerk certified to the County Court of Ray County for payment; that in each and all of said cases a fee of $5.00 was taxed for relator as Circuit Attorney, that such bills of costs were not under the control of the relator, and could not be filed with the petition; and the relator prayed that an order be made upon the County Court of Ray County to bring up the said bills of costs; that the said County Court, had in all those cases, refused to draw their warrant upon the treasurer of Ray County for such fees. An alternative writ of mandamus is then prayed for against the justices of said County Court, commanding them to draw their warrant in due form

upon said treasurer for the fees in said bills of costs, as certified, &c., to be due relator and to deliver said warrants to him or show cause, &c.

A demurrer was filed to the amended petition (treating it as the alternative writ) specifying among some things, " That the averments of said writ, are so general and indefinite, that it is impossible for defendants to ascertain, what cases are referred to, or to answer the same."

This demurrer was overruled, and the respondents made return to the writ:

Stating that the Circuit Attorney was not entitled to have a fee taxed, in case of a dismissal of a cause upon agreement of defendant with Circuit Attorney to pay all costs.

That the demand of the Circuit Attorney in such cases was illegal, and against public policy.

That the only cases where respondents refused to allow the Circuit Attorney a fee or to issue a warrant for the same were cases where witnesses were attached and fined for contempt; and those were the only cases where respondents refused to issue warrants.

This last clause was stricken out on motion of relator and respondent excepted.

The cause was tried without the introduction of any evidence on either side, declarations of law were asked by respondents, covering the grounds specified as above, which were refused, and respondents excepted, and the court awarded a peremptory writ of mandamus:

"Requiring the County Court of Ray County in the State of Missouri, to draw their warrant upon the treasurer of said Ray County for the fees due the relator herein, as asked for in his said petition."

It has never been my lot to witness such a masterly piece of vagueness as this petition is. It gives neither date, amount, cause, term of court, year of allowance, nor any other means, by which the fee bills attempted to be referred to in the petition can be ascertained or identified.

In a word, the petition is so utterly worthless that the court

*ex mero motu,* should have refused to award even an alterna-tive writ upon such a showing.

And the order granting the peremptory writ is equally as va-gue and indefinite as the petition. The County Court is to draw its warrant, but for what amount, seems to be quite im-material ; for the so-called petition, certainly affords no means for ascertaining it.

As the judgment in this cause must obviously be reversed, it may not, perhaps, be amiss to refer to some of the matters passed upon by the court below.

That portion of respondents' return mentioned above, as having been stricken out, certainly showed good cause, why the peremptory writ should not go—unless it be true, that a Circuit Attorney is entitled by law to compensation when a witness is attached and fined for contempt ; a proposition so ridiculous, that is statement is its refutation.

Under our statute, a party may make return, in any way which shows that the relator, is not entitled to the relief he seeks. He may "reply, take issue or demur."

As against the defendant in criminal cases, costs are only the incident of conviction—resulting either from a confusion of guilt or the verdict of a jury, and the County Justices, were clearly right when they made return that the demand of the relator for fees in cases of dismissal by agreement "was illegal, and against public policy."

The law neither recognizes nor sanctions any such agree-ment between the Circuit Attorney and the defendant.

And yet by means of nice little arrangements of this char-acter costs have accrued, and a great number of counties been saddled with their payment.

The prosecuting officer, if he be so minded, has so many fa-cilities for making illegal compacts with those who are indic-ted, that it illy becomes courts. to increase those opportunties by giving the stamp of legality to iniquitous agreements, and thus widen by judicial construction the avenues to corruption.

But conceding that a defendant might by such an agreement bind himself, still it would by no means follow that the coun-ty would be bound thereby.

So far as the county is concerned the whole transaction would be *res inter alios*; and the "voluntary assumption" of the defendant to pay costs, could have, as to the county, no binding force or obligation, nor prejudice its rights.

The judgment is reversed, and the cause remanded. The other Judges concur.