STATE OF MISSOURI, Plaintiff in Error, *vs.* JOHN G. Foss, Defendant in Error.

1. *Practice, criminal—Costs—Dismissal at costs of defendant—Fee of Circuit Attorney.*—When a proceeding on indictment is dismissed by agreement at defendant's costs, the fee to which the circuit attorney is by law entitled in case of conviction is not taxable as part of the costs. His right to his fee depends upon conviction.

*Error to Hannibal Court of Common Pleas.*

*O. Carstarphen, William P. Harrison and M. L. Hollister,* for Plaintiff in Error.

*D. H. & G. F. Hatch,* for Defendant in Error.

WAGNER, Judge, delivered the opinion of the court.

The defendant was indicted in the Hannibal Court of Common Pleas for selling liquor without license. The parties, both plaintiff and defendant, appeared in open court, when the Circuit Attorney with the approbation of the court made an agreement with the defendant that the case should be dismissed at the defendant's costs. Judgment was therefore given in accordance with the agreement and the costs were taxed by the clerk, including the sum of five dollars as a fee for the Circuit Attorney, and execution was issued therefor. The execution was satisfied by the defendant, and at the return term he appeared and filed his motion to re-tax the costs in the cause, and alleged as a reason therefor, that the clerk had erroneously and illegally taxed against him the sum of five dollars as a fee to the Circuit Attorney. The motion was sustained by the court, and on a re-taxation the five dollars allowed the Circuit Attorney was stricken out.

The only question in the case is, whether the Circuit Attorney was entitled to a fee. The section of the statute which controls and determines this case, (1 Wag. St., p. 619, § 2) declares that for conviction upon indictment, when the punishment assessed by the court or jury shall be a fine or imprisonment in the county jail, or both such fine and imprisonment, the Circuit Attorney shall be allowed a fee of five dollars.

The reading of the statute is plain and divested entirely of

ambiguity. A pre-requisite to receiving the fee, is a conviction upon the indictment and an assessment by the court of a punishment, either by fine or imprisonment, or both. Was there any conviction or punishment assessed in this case? There was no arraignment or plea, of either guilty or not guilty. There was no determination of guilt or innocence by the court, and no judgment or assessment of a fine or imprisonment. The judgment was founded upon an agreement, by which a conviction, fine and imprisonment were waived if the defendant would simply pay the costs. It is true, costs naturally follow and are incident to a judgment of conviction, but here we see there was no conviction within the meaning of the law. The criminal statutes fully designate what is intended by a conviction. It is clearly where, by a trial or confession the defendant is assessed to pay a fine or be imprisoned, or is punished by both these modes. But there is no conviction for costs only, to entitle the Circuit Attorney to his fee. A case similar to this was recently passed upon at the February Term, and decided in accordance with these views. (See State, *ex rel.*, Wood vs. Ray County Court, *ante.* p. 27.)

The reasoning in the case of the State *ex rel.*, Hopkins vs. Buchanan County Court, (41 Mo., 254) is not very satisfactory as regards a judgment of dismissal with costs by agreement, being equivalent to a conviction.

For the purposes of that case it may be conceded to be correct, as the agreement of the defendant fixed his liability for the costs, but for the costs only that were taxed and authorized by law. But in the present case, the fee of five dollars to the Circuit Attorney was not authorized, as that officer had not prosecuted the indictment to a conviction, which was essentially necessary before an allowance could be made to him.

The case of the State vs. Beard, (31 Mo., 34) decides the very point here presented for review, and holds that where the prosecution of an indictment is dismissed at defendant's costs, a fee for the Circuit Attorney cannot be properly taxed against the defendant.

Wherefore it results that the court did not err in striking

27—VOL. LII.

out the fee taxed in favor of the Circuit Attorney, and its judgment must be affirmed. All the Judges concurring.