THE STATE v. CLIFFORD *et al.*; HOEFFNER, *Appellant.*

Division Two, November 5, 1894.

1. **Forfeited Recognizance:** SCIRE FACIAS: JURY. A surety is not entitled to a jury on a *scire facias* proceeding to enforce a forfeited recognizance. *(State v. Hoeffner, ante, p. 488, followed.)*

2. **Client and Attorney**: JUDGMENT: COMPROMISE.  An attorney, in the absence of express authority to that effect, has no power to compromise his client's suit, or to satisfy his judgment, without receiving the sum due thereon.

3. **Forfeited Recognizance**: SURETY: CIRCUIT ATTORNEY: ILLEGAL CONTRACT.  A circuit or prosecuting attorney, even with the consent of the judge in vacation or at chambers, can not release a surety on a forfeited recognizance in consideration of a payment to such attorney of ten per cent. of the amount of the recognizance and of all the costs of the prosecution.

4. ———: ———: REMITTITUR.  A forfeiture of recognizance can only be remitted by the court in which the forfeiture is taken upon cause shown entered of record.

*Appeal from St. Louis Criminal Court.*—HON. H. L. EDMUNDS, Judge.

AFFIRMED.

*Harvey & Hill* for appellant.

(1)   It was error to refuse a trial by jury.  Const. Mo., art. 2, secs. 28, 30; R. S. 1889, sec. 2131; *State v. Posey*, 70 Ala. 45; *State v. Chandler*, 79 Me. 172; *State v. Kinne*, 41 N. H. 238; *State v. Woerner*, 33 Mo. 216; *Milsap v. Wildman*, 5 Mo. 425; *Brown v. Railroad*, 37 Mo. 299; *Humphrey v. Lundy*, 37 Mo. 323. (2) The compromise and settlement made with the respondent's agent and attorney, and with the consent and approval of the court, constituted a bar to further prosecution of the forfeiture.  Weeks' on Attorneys, secs. 228 and 212; *Reed v. French*, 28 N. Y. 293; *Williams v. Wolan*, 58 Tex. 708; *Bank v. Rogers*, 75 Mo. 441; *Union, etc., v. Buchanan*, 100 Ind. 63; *Brockley v. Brockley*, 122 Pa. St. 1.

*R. F. Walker*, Attorney General, for the state.

(1)   A proceeding by *scire facias* is one of record entirely and a jury can not be demanded.  *State v.*

*Heed*, 62 Mo. 559; *State v. Randolph*, 22 Mo. 474; *State v. Rodgers*, 36 Mo. 138; *State v. Peyton*, 32 Mo. App. 522. (2) It has been repeatedly held by other courts, as well as our own, that an attorney can not by virtue of his general authority or employment bind his client to a settlement or compromise, unless there is an express authority or sanction for this purpose, or the act of the attorney has been subsequently ratified by the client. *Davis v. Hall*, 90 Mo: 659; *Semple v. Atkinson*, 64 Mo. 504; *Spears v. Lederberger*, 56 Mo. 465; see, also, *State, etc., v. Ray County Court*, 52 Mo. 30.

GANTT, P. J.—On the seventh day of October, 1891, one G. W. Clifford, in the St. Louis court of criminal correction, entered into his recognizance to the state of Missouri, with the defendant Hoeffner as his security for his appearance before the St. Louis criminal court, at the next regular term thereof, to answer to a charge of felony, and that he should not depart without leave. Clifford failed to appear according to the condition of his recognizance, and on the second day of December, 1891, judgment of forfeiture was rendered against them on said recognizance.

On the ninth day of February, 1893, a *scire facias* issued out of the St. Louis criminal court, requiring the defendants to appear at the next term of the court last aforesaid, and show cause why said judgment should not be made final and execution issued against them. At the return term of the *scire facias* Hoeffner appeared and pleaded to the jurisdiction of the court, and also demurred to the *scire facias*, which, being overruled, he answered, setting up a plea of *nul tiel* record, general denial, want of jurisdiction in the court, a compromise, a settlement with the agent and attorney of the state, one Ashley C. Clover, who was

then circuit attorney for the city of St. Louis, by which he was to pay, and did pay, him the sum of $119.30 in full satisfaction of said recognizance and judgment of forfeiture. The state made a reply to defendant's answer denying all allegations therein, and especially alleging that the circuit attorney had no authority to make said agreement.

At the September term, 1893, the cause was called for trial, when the defendant demanded, and was refused, a trial by jury, and he timely excepted. The cause was then proceeded with, which resulted in a judgment for the state and order for execution. Defendant appealed.

There are but two points insisted upon by defendant for a reversal of the judgment of the court below. *First*, the refusal of the court to grant him a trial by jury; *second*, the refusal of the court to declare the law to be that the compromise and settlement made with the state's agent and attorney, constituted a bar to a further prosecution of the forfeiture.

The first contention must be ruled adversely to the defendant upon the authority of the case of *State v. Hoeffner, ante, p.* 488, in which the same question was involved.

With respect to the compromise and settlement with the circuit attorney, the defendant asked, and the court refused to declare, the law to be as follows:

"The court instructs that if the surety, Hoeffner, paid the clerk of the criminal court $119.30, that is to say a part of the bonds equal to ten per cent. of the face thereof, and all the costs of court, upon an agreement with the circuit attorney that said amount when so paid should be in full settlement, payment and satisfaction of the said Hoeffner's liability upon said bonds and the forfeitures thereof, and that the same would not be further prosecuted against him, and that

the judge of said court was aware of and approved said compromise and settlement, then the finding should be for the defendant."

The evidence shows, that the circuit attorney with the knowledge of the then judge of the criminal court agreed with the defendant herein that if he would pay the costs, which included the fees of the circuit attorney, clerk of the criminal court and of the sheriff, he was to be relieved from all liability on the recognizance; that he did pay the amount agreed upon, $119.30, before the *scire facias* was issued upon the forfeiture, but no part of the principal of the bond was ever paid or agreed to be paid. The amount paid included ten per cent. commission to the circuit attorney upon the amount of the recognizance which was $500.

If the circuit attorney as the representative of the state was clothed with the power to make the compromise, and release the defendant from liability upon the recognizance, as the evidence shows that he agreed and undertook to do, there was error in refusing to declare the law as prayed for by defendant, and the judgment should be reversed. Upon the other hand if he possessed no such authority, then the declaration of law was properly refused and the judgment should be affirmed.

Had the circuit attorney authority to satisfy and discharge the forfeiture, upon the defendant's payment of the court fees and a commission of ten per cent. on the amount of the recognizance? This is a question of great practical importance. By section 8 of article 11 of the constitution of this state, "the clear proceeds of all penalties and forfeitures, and of all fines collected in the several counties for any breach of the penal or military laws of the state" shall belong to and be securely invested and sacredly preserved in the several counties as a county public school fund. By section 637,

Revised Statutes, 1889, it is the duty of all prosecuting attorneys to "prosecute forfeited recognizance and actions for the recovery of debts, fines, penalties and forfeitures accruing to the state or county;" and by section 4981 they are allowed fees therefor as follows: "For collections on recognizances given to the state in criminal cases, and which are or may become forfeited, ten per cent. *on all sums collected,* if not more than $500, and five per cent. on all sums over $500, *to be paid out of the amount collected.*"

It will thus appear that the people of this state have in the most solemn form set aside all fines and forfeitures as a part of the school fund, and by statute enjoined upon all prosecuting attorneys the duty of collecting these forfeitures and as an incentive to diligent service in so doing, in addition to the salaries and fees otherwise allowed by law to those officers, a commission of ten or five per cent. as the case may be is added *"to be paid out of the amount collected."* Surely, in view of the importance attached to them, both in the constitution and statute, it was never intended that these recognizances and forfeitures should be used merely to furnish fees for the prosecuting attorneys, and the purpose to which they were, by the constitution, devoted, entirely ignored.

This court in at least four cases has ruled that where a prosecution of an indictment is dismissed at the defendant's costs a fee for the circuit attorney can not be properly taxed either against a defendant, the state or the county. *State v. Beard,* 31 Mo. 34; *State ex rel. v. Thompson,* 39 Mo. 427; *State v. Foss,* 52 Mo. 416; *State ex rel. v. Ray County Court,* 52 Mo. 27. And the principle is equally applicable here. In the one case the fee is allowed only for a conviction. In the other only "upon the amount collected" and to be paid out

Vol. 124—32

of that.    In this case nothing was paid into the treasury of the school board.    Fees to the amount of $100 were collected and no amount paid to the school board, and it is now claimed that the recognizances were satisfied by this agreement, on the assumption that the prosecuting attorney could thus conclude the state.    It must be borne in mind that there was an obligation entered into upon the records of the court; the recognizance had become forfeited to the state, in other words a conditional judgment had already been entered in behalf of the state, and the duty was imposed by law upon the circuit attorney to prosecute it to collection for the benefit of the school fund; but instead of enforcing it and performing the only duty enjoined upon him by law, in connection therewith, he agrees with the cognizor or surety that he will not prosecute the recognizance if he will pay his unearned commission, and the other court fees.    It is not pretended even that the claim was doubtful, or the surety insolvent. Certainly not the latter because he appears to have been a professional bail from the number of cases in which his name appears on our docket.    The rule is well settled that in the absence of express authority, an attorney has no power to compromise his client's suit, or to satisfy his judgment without receiving the amount thereof.    *Walden v. Bolton*, 55 Mo. 405; *Spears v. Ledergerber*, 56 Mo. 465; *Semple v. Atkinson*, 64 Mo. 504; *Roberts v. Nelson*, 22 Mo. App. 28; *Black v. Rogers*, 75 Mo. 441.

An attempt is made by the learned counsel to distinguish between the power of an attorney of record in civil cases, and the power of the circuit attorney in a proceeding like this, on the ground of necessity, but the distinction is by no means clear or satisfactory. We find nothing in the statutes conferring such special authority, and we are clear that no such plenary author-

ity is conferred upon him by virtue of his office to thus give away the rights of the state or satisfy its judgments and claims. On the contrary, we think, it is manifestly against a sound public policy to allow such agreements and conventions. Under such a practice the public prosecution is too often lost sight of, and only the private emolument sought after.

As was said by SHERWOOD, J., in *State ex rel. v. Ray County Court*, 52 Mo. 27, "the prosecuting officer, if he be so minded, has so many facilities for making illegal compacts with those who are indicted, that it illy becomes courts to increase those opportunities by giving the stamp of legality to iniquitous agreements, and thus widen by judicial construction the avenues to corruption." All of which is equally pertinent where the bond which was taken to secure the presence of the defendant is to be frittered away by agreements for fees only.

The whole scope of legislation on this subject was enacted with a view to secure the state against straw bonds and illegal dismissals. The several courts having criminal jurisdiction are required to exercise the strictest scrutiny to secure the sufficiency of the sureties. R. S. 1889, secs. 4127, 4128. And it is made the duty of all clerks of courts of record to keep an account of all fines, penalties and forfeitures and judgments rendered, imposed or accruing in favor of any county ready at all times for inspection of their respective courts. R. S. 1889, sec. 3196. And within ten days after the adjournment of any criminal court, the clerk is required to certify all such forfeitures incurred at such term to the county courts. Sec. 3197. By section 4134 it is provided that, "if without sufficient cause or excuse, the defendant fails to appear for trial or judgment, or upon any other occasion when his presence in court may be lawfully required, according

to the condition of his recognizance, the court must direct the fact to be entered upon its minutes, and thereupon the recognizance is forfeited, and the same shall be proceeded upon by *scire facias* to final judgment and execution thereon, although the defendant may be afterward arrested·on the original charge, *unless remitted by the court for cause shown.*"

Now the plain effect of the agreement between the circuit attorney and the surety on this recognizance was an attempted remission of the surety's liability on this bond, whereas that power is conferred·upon the court only, and only upon the court when good cause is shown.   The express grant of this power excludes the assumed authority in the circuit attorney or the judge in vacation, to do the same thing.   It was at one time in the judicial history of this country seriously questioned whether a court even for good cause might remit such a forfeiture and Chief Justice MARSHALL only after a most elaborate examination of the common law authorities was compelled to admit that the authority upon which the supreme court asserted that right was to be found in 4 Blackstone's Commentaries, p. 254, in which the learned commentator says:   "A recognizance may be discharged, either by the demise of the king, to whom the recognizance is made; or by the death of the principal party bound thereby, if not before forfeited; or by order of the court to which such recognizance is certified by the justices (as the quarter sessions, assizes, or king's bench), *if they see sufficient cause.*"   *United States v. Feely,* 1 Brock. 255; *People v. Anable,* 7 Hill, 33,·34; *State v. Warren,* 17 Texas, 283.   But nowhere has it been intimated, so far as we can find, that such a power existed in the prosecuting officer; and as he is forbidden by the general principles of law to release the surety of his client's debtor (*Givens v. Briscoe,* 3 J. J. Marsh. 529), or to

release a garnishee from attachment (*Quarles v. Porter*, 12 Mo. 76), or to discharge his client's debt without actual satisfaction (*Savory v. Chapman*, 11 Ad. & E. 829; *Jackson v. Bartlett*, 8 Johns. 361 and cases *supra*), it is clear upon principle that he has no authority to remit a judgment of forfeiture.

A case much in point is *State v. Lopez*, 19 Mo. 254. Judge GAMBLE, for the court, says: "We have been asked to express an opinion on the plea in bar of the defendant, in which he sets up an agreement made by him with the circuit attorney, at a term of the criminal court where there were ten indictments pending against him for embezzlement, by which agreement it was stipulated that the defendant should plead guilty upon four of the indictments, and that the state should enter a *nolle prosequi* on the other six, and discharge him from all liability to answer them. Under this agreement, he pleaded guilty on the four, was sentenced and pardoned, and a *nolle prosequi* was entered on each of the other six. * * * We recognize no authority in the circuit attorney to make an agreement by which any criminal shall be discharged from the claims of justice. The chief executive of the state alone can exercise the power of pardon. If a record was made in the criminal court, which would have the legal effect of discharging the defendant from responsibility for the six offenses * * * such record would have its effect here; * * * but if no entry of record has the effect of discharging the defendant, he can not plead the agreement between himself and the circuit attorney as a discharge."

We are clear that under the law of this state a forfeiture of a recognizance can only be remitted by the court in which the forfeiture is entered "upon cause shown," by its entry of record, and that neither the circuit nor prosecuting attorney has authority to bind

the state for such a remitter even by *or with consent of the judge of such court in vacation or at chambers.* The statute confers the power upon the court, and the court, being one of record, must speak by its record, and the operation of the entry on the record can only be determined by its own terms. It follows that the court committed no error in refusing to recognize the agreement and payment to Mr. Ashley Clover, as a satisfaction of the recognizance, and its judgment is affirmed. All of this division concur.