Argued January 3, decided January 9, 1912.

## CAMERON, DISTRICT ATTORNEY *v.* BURGER.

[120 Pac. 10.]

BAIL—RELEASE FROM FORFEITURE—STATUTORY PROVISIONS.

1. Section 1664, L. O. L., which provides that the defendant on bail may be surrendered either by himself or the sureties at any time before forfeiture of the undertaking upon delivery to the sheriff of a certified copy of the undertaking of bail, serving as a commitment, and that the court before which defendant was bound to appear may then order that the bail should be exonerated, is exclusive as to the manner in which a defendant may be surrendered and bail exonerated; and hence a surety's belief that defendant has been surrendered is immaterial.

BAIL—RELEASE—STATUTORY PROVISIONS.

2. Sections 1669-1672, L. O. L., vests in the court the sole power to release sureties from their bail undertaking; and hence a purported release by the district attorney is without effect.

APPEAL AND ERROR—MATTERS REVIEWABLE—OBJECTIONS FIRST RAISED ON APPEAL.

3. Objection that the complaint does not state a cause of action, not assigned as error and made for the first time before the Supreme Court, may be considered.

BAIL—ACTION ON BOND—PLEADING—JURISDICTION.

4. In an action against sureties who have given bail for a defendant, held to answer by the municipal court of the city of Portland, a court of limited jurisdiction, the facts confering jurisdiction upon it should be alleged in the complaint.

APPEAL AND ERROR—RECORD—CONCLUSIVENESS.

5. In the absence of any suggestion of a diminution of the record, a clerical error in the complaint is binding upon the Supreme Court on appeal.

BAIL—FORFEITURE—JUDGMENT OF FORFEITURE—STATUTORY PROVISIONS.

6. Under Section 958, L. O. L., which provides that a judge may exercise out of court all the power expressly conferred upon a judge as contradistinguished from a court and not otherwise, and Section 1668,

requiring that a forfeiture must be declared by the court and the fact authorizing the declaration entered upon the journal, a judge, as distinguished from a court, is not authorized to declare a forfeiture.

BAIL—ACTION ON BONDS—COMPLAINT.

7. Section 1795. L. O. L., provides for a hearing and commitment by the municipal court in a criminal case; Section 1668 provides that if, without sufficient excuse, defendant fails to appear for arraignment or trial or judgment or to surrender himself in execution on a judgment, the court must direct entry thereof on the journal, and the bail bond is thereupon forfeited; and Section 958 provides that a judge may exercise out of court all the powers expressly conferred on a judge in contradiction from a court and not otherwise. The complaint in an action on a bail bond did not allege that the municipal court heard the matter or made an order of commitment, nor that an order forfeiting the bond was made by the court, as a court, nor that the cause had ever been called for judgment, or the existence of any situation where the presence of defendant in court might have been lawfully required. *Held,* that the complaint was insufficient.

From Multnomah: JOHN B. CLELAND, Judge.

Statement by MR. JUSTICE BURNETT.

This is an action originally commenced by John Manning, as District Attorney for the Fourth Judicial District of the State of Oregon, against A. B. Burger and M. Kutner, to recover upon an undertaking of bail. The present plaintiff, Cameron, having succeeded to that office, was substituted as plaintiff. The first paragraph of the complaint narrates that on April 19, 1907, a criminal action was begun in the municipal court of the city of Portland, charging one Grace Reed with the crime of larceny from the person; but nowhere does the complaint give the result of that proceeding or any order made therein. It is further stated that later, to wit, on April 30, 1907, an information was filed against Grace Reed in the circuit court by the district attorney charging her with the crime of larceny, and that on June 4, 1907, she was placed on trial in the circuit court upon that accusation and was duly convicted. The fourth paragraph avers that on April 24, 1907, the defendants Burger and Kutner executed an undertaking in the sum of $1,000, which instrument is set out in words and

figures in that paragraph and in form is a compliance with the undertaking of bail as prescribed in Section 1647, L. O. L. This undertaking is entitled:

"In the Municipal Court for the City of Portland, Multnomah County, State of Oregon. Before Municipal Judge and Ex Officio Justice of the Peace. State of Oregon *v.* Grace Reed."

Paragraph 5 of the complaint is here quoted thus:

"That said undertaking was duly signed, sealed, acknowledged and filed in the office of the county clerk of said county and state on the 24th day of April, 1907, and that an order was made on the 23d day of June, 1903, by the Honorable A. L. Frazer, judge of said court, forfeiting said bond to the State of Oregon."

The complaint concludes by stating that Grace Reed failed, neglected, and refused to appear for judgment after having been duly convicted in said court of said crime of larceny, and has ever since so failed, neglected, and refused to appear for judgment, and demands judgment against the defendants for the sum named in the undertaking.

The answer admits all the allegations of the complaint. The defendants aver that about April 30, 1907, an information was filed against said Grace Reed and one Beatrice Lewis, charging them with the crime of larceny, upon which they were brought to trial about June 4, 1907, in the circuit court, and were convicted. The defendants alleged that Grace Reed and Beatrice Lewis appeared in court; that the defendant at all times understood and believed that Reed and Lewis had been duly surrendered by them to the sheriff of Multnomah County, State of Oregon; that they were in the care and custody of the sheriff; that the sureties were no longer liable upon their bond for the appearance of the two women; that, while the jury was deliberating, Grace Reed, through her attorney, asked permission to leave the courtroom; and that she obtained permission from the presiding judge to do

so, but did not return, and since then at all times has been a fugitive from justice. The defendants, here, further charge that on or about the ..........day of............., 1907, the then district attorney, John Manning, informed them that Reed was in the custody of officers and imprisoned in Canada and assured them that she could be returned by sending the officer after her, and that, if they would pay the expense of sending an officer after the defendant Reed, they would be relieved from any further liability in this suit. They then state in substance that they advanced the sum of $450 on account of the expense of sending an officer to Canada for the defendant Reed, but when he arrived there he found that the person imprisoned was not the woman wanted. They demand that the action be dismissed as to them. No reply was filed to this answer, and, upon findings of fact substantially in the language of the complaint, the court rendered judgment for the plaintiff according to the demand, from which the defendants appeal.

REVERSED AND REMANDED.

For appellant there was a brief over the names of *Mr. Arthur C. Emmons* and *Mr. W. J. Makelim,* with an oral argument by *Mr. Makelim.*

For respondent there was a brief over the names of *Mr. John Manning, Mr. George J. Cameron, Mr. Thad W. Vreeland* and *Mr. Andrew M. Crawford,* with an oral argument by *Mr. Frank T. Collier.*

MR. JUSTICE BURNETT delivered the opinion of the court.

In the printed brief of the defendants it is stated that the whole question for consideration on appeal is whether or not the new matter in the answer constituted a good defense; but on the oral argument here the defendants urged that the complaint does not state a cause of action. We will consider these questions in inverse order.

1. The answer alleges that the defendants, here, understood and believed that the defendant, Grace Reed, had been surrendered to the sheriff, and that the sureties were no longer liable upon their undertaking for her appearance. This falls short of an exoneration of bail under Section 1664, L. O. L., which provides, in substance, that the defendant on bail may be surrendered either by himself or the sureties at any time before forfeiture of the undertaking, upon delivery to the sheriff of a certified copy of the undertaking of bail which serves as a commitment and authority to that officer to detain the defendant. When this has been done, the court, or judge thereof, before which the defendant is bound to appear, may give an order that the bail shall be exonerated, and upon entry or filing of the order the bail is exonerated accordingly. What the defendants, here, suppose or believe as to the surrender of the defendants in a criminal action does not affect the case. The statute itself provides the manner in which a defendant may be surrendered and bail exonerated, and that is the rule to be observed. It excludes all other methods of reaching that result.

2. The principal contention of the defendants on the brief is that they were released in pursuance of the compromise alleged to have been made with the then district attorney, whereby they expended $450 in sending to Canada for the absconding defendant. Here, too, as in the matter of the exoneration of bail, the statute prescribes governing conditions in respect to the remission of forfeitures of bail, either in whole or in part. A forfeiture having been declared by the court, the defendant may appear at any time before final adjournment, and, if he satisfactorily excuses his neglect or failure to appear when required, the court may direct the forfeiture of the undertaking or deposit to be discharged upon such terms as may be just, and, further, at any time before judgment against the bail, in an action upon the

undertaking, the sureties may apply to the court for a remission of the forfeiture, and thereupon the court, upon good cause shown, may remit the forfeiture or any part thereof upon such terms as may be just and reasonable according to the circumstances of the case. Even then the forfeiture, either entirely or partially, can be remitted only upon the payment of the costs and expenses incurred in the proceedings for its enforcement, and if part only be remitted judgment must be given against the bail for the remainder. Such action is a bar to an action upon the undertaking, or, if one be already commenced, it is thereby abated. Sections 1669-1672, L. O. L.

The authority to excuse sureties from the enforcement of their undertaking, in any manner or degree, is thus vested in the court, and as a matter of law the authority of every other officer to do the same thing is excluded. 2 Sutherland's Stat. Const. (2 ed.) §§ 492, 627; *Smith* v. *Stevens,* 10 Wall. 321 (19 L. Ed. 933) ; *Rogers* v. *Kennard,* 54 Tex. 30; *Conroe* v. *Bull,* 7 Wis. 408. The statutory duty of the district attorney is to prosecute actions against sureties upon their undertaking after forfeiture. He has neither power to admit to bail, to take bail, nor to exonerate bail. As a matter of law, the defendants well knew the limitations upon the authority of the district attorney, and that the only power to release them from their undertaking was vested in the court, upon proper application to that tribunal. They knew they had no right to rely upon the representations of the district attorney, alleged as a defense in their answer. *State* v. *Clifford,* 124 Mo. 492 (28 S. W. 5) ; *Whittington v. Ross,* 8 Ill. App. 234. The new matter in the answer constitutes no defense to or release of their obligation upon the undertaking quoted.

3. It remains to consider the sufficiency of the complaint as against the objection, urged for the first time at the oral argument of the cause before us, that it does not

state facts sufficient to constitute a cause of action. This objection may be urged, although for the first time, before this court, and although it is not assigned as error on appeal. *Parrish* v. *Parrish,* 52 Or. 161 (96 Pac. 1066). Conceding, without deciding, that the allegation of the complaint about the commencement of the criminal action against the defendant Reed in the municipal court of the City of Portland is equivalent to an averment of the filing of an information under the provisions of Chaper 19, L. O. L., and the issuance of a warrant of arrest in pursuance thereof, the complaint is yet insufficient, in that it does not state that the municipal court heard the matter or made an order of commitment as prescribed in Section 1795, L. O. L. The doctrine applicable to this situation is thus laid down by this court in *Malheur County* v. *Carter,* 52 Or. 616, 621 (98 Pac. 489, 491) :

"True, some information upon some of these essential averments may be had by reference to the recitals in the copy of the undertaking attached to the complaint and by allegation made a part thereof; but an exhibit to a pleading cannot serve the purpose of supplying necessary ánd material averments."

4. The municipal court of the city of Portland being a court of limited jurisdiction, the facts conferring jurisdiction upon it should be alleged. It should further appear by averment that the court made the order of commitment; that, in pursuance of this order of commitment, the undertaking of bail was given to answer the charge upon which the order was made; and that the defendant therein named was discharged from custody on account of having put in bail as there specified. Section 1668, L. O. L., reads thus:

"If, without sufficient excuse, the defendant neglect or fail to appear for arraignment, or for trial or judgment, or upon any other occasion when his presence in court may be lawfully required, or to surrender himself in execution

of the judgment, the court must direct the fact to be entered in its journal; and the undertaking of bail or the money deposited in lieu thereof, as the case may be, is thereupon forfeited."

5. In respect to forfeiture, the allegation of the complaint is "that on the 23d day of June, 1903, an order was made by the Honorable A. L. FRAZER forfeiting said bond to the State of Oregon." The date alleged, it will be observed, is nearly four years earlier than the commencement of proceedings in the municipal court. This may be a clerical error; but, in the absence of any suggestion of a diminution of the record, it is binding upon the court as an allegation.

6. The averment, however, is still further defective, in that it states that the order of forfeiture was made by Judge FRAZER.

"A judge may exercise out of court all the powers expressly conferred upon a judge as contradistinguished from a court and not otherwise." Section 958, L. O. L.

A judge, as distinguished from a court, is not authorized to declare a forfeiture, as by Section 1668, L. O. L., that must be done by the court, and the fact authorizing the declaration of a forfeiture must be entered upon the journal. For all that appears, the cause may never have been called for judgment or any situation have arisen where the presence of the defendant Reed in court might be lawfully required.

7. The history and identity of the proceedings from the beginning to the giving of the undertaking should be accurately traced in the pleading, and the order of forfeiture should be shown by the journal of the circuit court. The cases of *Clifford* v. *Marston,* 14 Or. 426 (13 Pac. 62), and *Malheur County* v. *Carter,* 52 Or. 621 (98 Pac. 489), are instructive upon the principles involved in this case.

The complaint is insufficient as against the objections urged; but, as it is possible that the pleading may be amended, the cause is reversed and remanded to the court below for further proceedings not inconsistent with this opinion.    REVERSED.