Argued November 14, 1919, affirmed January 20, 1920.

## ERICKSON *v.* MARSHFIELD.

(186 Pac. 556.)

**Bail—Third Person Furnishing Cash Bail may Recover Against Claim of Forfeit on a Different Charge.**

1.   In view of Sections 1660, 1663, 1664, 1666, 1668, L. O. L., where plaintiff deposited bail money in recorder's court of the City of Marshfield, incorporated under Sp. Laws 1905, p. 205, which vests recorder with a justice's power, etc., and makes general state laws applicable, the bail being for one accused of maintaining a common nuisance, and took recorder's receipt, showing that money belonged to plaintiff, the money was to be treated as that of accused on that charge; but after its dismissal the money again became property of plaintiff, who, not being *in pari delicto* with accused, could recover it from the city, claiming it as forfeit for accused's failure to answer to a subsequent charge of unlawful sale of liquors, having no continuity with former charge.

**Bail—Accused and One Furnishing Cash Bail not in Pari Delicto.**

2.   The city recorder's taking of cash bail from plaintiff for one accused of crime, and the court's releasing of accused, were judicial acts, so that the case was not one of bail being taken by an unauthorized officer; hence plaintiff, seeking to recover bail money after dismissal of the charge, which money the city claimed as forfeited on a different subsequent charge and the accused, were not *in pari delicto*.

From Coos: JOHN S. COKE, Judge.

Department 2.

On September 6, 1917, a complaint was filed in the recorder's court of the City of Marshfield against D. L. Foote, charging him with the offense of "unlawfully keeping and maintaining a place as a common nui-

94 Or.—45

sance'' within the limits of that city. A warrant was
issued upon which he was arrested and brought before
that court, where his bail was fixed at $100 cash, which
was furnished by the plaintiff, to whom the defendant
John W. Butler issued the following receipt:

"Marshfield, September 6th, 1917.

"Received from Andy Erickson One Hundred Dollars Bail for the appearance of D. L. Foote in the Recorder's Court of the City of Marshfield Coos County, Oregon.

"$100 00/

"(Signed)    JOHN W. BUTLER."

As a result Foote was released and later that specific charge against him was dismissed and another was
filed against him, wherein it was alleged that he did
"wrongfully and unlawfully sell intoxicating liquor to
Edmund Smallwood contrary to the provisions of Ordinance No. 787." Foote was tried on the second charge,
convicted and sentenced to pay a fine of $100, and to
serve ten days in jail. The court then made an order
that the money deposited as bail in the first cause
should be retained and used as bail in the second.
Foote then escaped from the jurisdiction of the court,
was duly called, but failed to appear and the $100 bail
deposited on the first charge was declared forfeited on
the second.

There is no proof that the plaintiff was ever consulted about the matter or that he ever agreed that the
money which he furnished as bail on the first complaint
should be used on the second charge. After a demand
for the return of his money and the refusal to pay, the
plaintiff brought this action to recover the $100 evidenced by his receipt.

The defendants contend: First, that when the plaintiff deposited the money as bail for Foote, it then and

thereby became the latter's property and after he was tried and convicted on the second charge they had a right to take the money deposited as bail in the first instance and apply it to the payment of his fine on the second charge; and second, that the issuing of the receipt coupled with the taking of $100 from Erickson as bail money was an illegal act and for such reason the parties are *in pari delicto* and the plaintiff ought not to recover.

At the trial the defendants filed motions for a judgment of nonsuit and for a directed verdict, which were overruled, and the plaintiff moved for a directed verdict. This last motion was sustained, upon which judgment was entered in favor of the plaintiff, and the defendants appeal.                    AFFIRMED.

For appellants there was a brief and an oral argument by *Mr. J. T. Brand,* City Attorney.

For respondent there was a brief and an oral argument by *Mr. C. F. McKnight.*

JOHNS, J.—The City of Marshfield was incorporated under the provisions of Chapter 251 of the Special Laws of Oregon for 1905. Its recorder is vested "with the powers and jurisdiction of a justice of the peace," the marshal "with the powers of a constable," and each of them in the discharge of his respective duties "shall be subject to all the general laws of the State of Oregon." Section 1660, L. O. L., reads thus:

"The defendant, at any time after an order admitting him to bail, instead of giving bail, may deposit with the clerk of the court at which he is held to answer, or in which the action is pending or the judgment appealed from is given, the sum of money mentioned in the order; and upon delivering to the officer in whose

custody he is, the clerk's certificate of such deposit, he must be discharged from custody."

Section 1663 provides:

"When money has been deposited in lieu of bail, if it remains on deposit at the time of a judgment for the payment of money, the clerk must, under the direction of the court, apply the money in satisfaction thereof, and after satisfying the same must refund the surplus, if any, to the defendant."

By Section 1666 it was enacted:

"If money have been deposited in lieu of bail, and the defendant, at any time before the forfeiture thereof, surrender himself to the officer to whose custody he was committed at the time of making the deposit, in the manner provided in Section 1664, the court or judge thereof must order a return of the deposit to the defendant, upon producing the certificate of the officer showing the surrender, and upon reasonable notice of the application to the district attorney."

Section 1668 provides:

"If, without sufficient excuse, the defendant neglect or fail to appear for arraignment, or for trial or judgment, or upon any other occasion when his presence in court may be lawfully required, or to surrender himself in execution of the judgment, the court must direct the fact to be entered in its journal; and the undertaking of bail or the money deposited in lieu thereof, as the case may be, is thereupon forfeited."

1. In the instant case the bail money was delivered by the plaintiff to the city recorder of Marshfield or the court thereof, and the above receipt was issued by the recorder, showing on its face that it was the plaintiff's money which was deposited as bail for Foote, the defendant then under arrest.

It also appears that the particular charge upon which Foote was arrested and for which the bail money was

deposited was dismissed against him and that thereafter he was arrested upon a different charge, upon which he was later tried, convicted and sentenced to pay a fine of $100 and serve ten days in jail. In the first case against him he was charged with unlawfully keeping and maintaining a place as a common nuisance, and in the second case he was charged with "wrongfully and unlawfully selling intoxicating liquor." There is no testimony in the record that the one charge grows out of the other or that there is any continuity between them. As contended by the plaintiff, where cash bail is furnished there is a legal presumption, under the authorities, that it is the money of the defendant in the charge, and some courts hold that this presumption is conclusive: *State* v. *Ross,* 100 Tenn. 303 (46 S. W. 673); *State* v. *Owens,* 112 Iowa, 403 (84 N. W. 529); *Whittaker* v. *State,* 31 Okl. 65 (119 Pac. 1003); 6 C. J. 1023. It is also true, as plaintiff insists, that where cash bail is delivered to an officer who has no legal authority to receive it or accept it, the parties are *in pari delicto,* and that the money can thereafter be recovered because it is taken by an illegal àct: *Doane* v. *Dalrymple,* 79 N. J. Law, 200 (74 Atl. 964); 30 Am. & Eng. Ency. 682. But that is not the case here. In this instance the money was not paid to an officer of the court, but was paid to the court itself by the plaintiff, to whom the court issued a receipt showing by whom and for what purpose the cash was advanced.

We find the following in 6 C. J.:

"Where, after giving bail, the prisoner is rearrested or ordered into custody on the same charge or for the same offense, his sureties are discharged, as the only consideration on the undertaking accruing to the sureties is their custody of the principal, and when this con-

sideration fails their liability ceases; nor are they liable where the prisoner escapes after such arrest" (page 1027).

"The bail having been released by the rearrest, nothing short of a new obligation will again bind them, and, although the principal is subsequently released or escapes, or the order committing him to the custody of the sheriff is set aside, the liability of the sureties is not revived" (page 1028).

"The sureties have a right to stand upon the terms of their obligation, and therefore, if the recognizance is to answer an indictment for one offense, the bail are not liable for the failure of their principal to appear and answer to an indictment for an offense of an entirely different character or class, where there is nothing tending to identify the two crimes as one or to show that the one charge had any relation to the other" (page 1029).

As above pointed out, it does not appear that the second charge had its origin in the first offense or grew out of the same transaction.

Under the provisions of the statute above quoted the defendant in the charge, with the approval of the court, may furnish cash bail, and it appears that when so furnished by a third party it shall be deemed and treated as the money of the defendant on the charge. That would be true as between the city of Marshfield and the plaintiff in regard to the first complaint against Foote, so long as that particular charge was pending. But after the first complaint was dismissed the $100 bail money had answered the purpose for which it was intended and under the facts shown here and as evidenced by the receipt, the money would then revert to the plaintiff and again become his property. The receipt shows, and the testimony is conclusive, that the $100 was the plaintiff's money when it was given as bail. It was deposited for a specific purpose which

was fully accomplished when the first case against Foote was dismissed.

2. Neither is this a case where an officer of the court without legal authority accepted cash bail and wrongfully released the defendant on the charge. Here the court took the money and then directed the officer of the court to release the defendant. The taking of the cash bail and the enlargement of Foote were judicial acts of the court and the parties were not *in pari delicto*.

The judgment is affirmed.          AFFIRMED.

McBRIDE, C. J., and BEAN and BENNETT, JJ., concur.