Argued April 9, re-argued November 27, affirmed December 29, 1928.

## GUST ROSENTRETER v. CLACKAMAS COUNTY.

(273 Pac. 326.)

For appellant there was a brief over the name of *Messrs. Lord & Moulton,* with an oral argument by *Mr. Wm. P. Lord.*

For respondent there was a brief and oral argument by *Mr. Livy Stipp.*

COSHOW, J▮▮▮ The proceedings providing for bail and deposit of money in lieu thereof are statutory. The provisions for depositing money and for the return of that money upon surrender of the defendant are found in Or. L., Sections 1660 to 1666, inclusive, and in General Laws of 1923, Chapter 26. It is a general principle of law that officers author-

ized to take bail or money in lieu thereof must follow the statute. The same rule requires a defendant who has deposited money in lieu of bail and desires to either substitute bail or to surrender himself into custody to follow the statute. A third person who deposits money in lieu of bail for an accused must also follow the law in making said deposit or in surrendering defendant and claiming a return of the money so deposited. The third person is as much bound by the statute as are the accused and the officers whose duty it is to administer the law. The money deposited by a third person in lieu of bail for one charged with a criminal offense is presumed to belong to the defendant: *Erickson* v. *City of Marshfield,* 94 Or. 705, 710 (186 Pac. 556). The complaint alleges that the sum of $1,000 was deposited: ''Pursuant to the law of the State of Oregon providing for the giving of bail for persons charged with crime.'' Chapter 26, General Laws of 1923, prescribes:

'' * * that in case such bond or bail be required after the office hours of any such treasurer with whom it is desired to file such securities, the deposit may be made with the chief clerk of such court, board or commission or with the sheriff of the county or the deputy in charge of the county jail or the sheriff's office, who shall accept the same, giving duplicate receipts therefor, and cause such security to be delivered to the proper treasurer as above provided for within forty-eight hours thereafter; provided further, *that in any criminal case* or in any proceeding in any court it shall not be necessary to deposit such bail or bond with such treasurer, but such bail or bond may be deposited with the court or clerk thereof with the same effect and result as though deposited with such treasurer.''

██ The law prescribes the manner of surrendering the defendant and recovering the money deposited as bail. It prescribes that defendant may "surrender himself to the officer to whose custody he was committed at the time of making the deposit, in the manner provided in Section 1664, the court or judge thereof must order a return of the deposit to the defendant, upon producing the certificate of the officer showing the surrender, and upon reasonable notice of ·the application to the district attorney." Or. L., § 1666. The complaint does not allege that any of the steps required by statute for recovering bail were taken by plaintiff. We must conclude from the complaint that the deposit was lawfully made. The complaint so alleges and the demurrer admits that allegation. Plaintiff argues here that the sheriff had no authority to accept the deposit, but from the above we learn that the sheriff is expressly authorized to accept deposits at certain times. By the allegation of the complaint that the deposit of $1,000 was made pursuant to law, we must conclude that the deposit was made at the time the sheriff was authorized to receive it. The complaint, having failed to allege that plaintiff proceeded as prescribed by statute, has failed to state a cause of action. The complaint does not allege any order of the court or judge directing return of the deposit; a certificate of the officer showing surrender of defendant, or notice to the district attorney of an application for return of the deposit. These are necessary allegations which must be pleaded in order to state a cause of action against defendant. That plaintiff was not a party to the criminal action is immaterial. The fine was assessed in the same action in which the money was deposited. No change was made in the charge against the ac-

cused: *Erickson* v. *Marshfield, supra.* The order to return the money deposited must have been made by the court or judge before the plaintiff could recover: *Cameron* v. *Burger,* 60 Or. 458, 463 (120 Pac. 10).

It was the duty of the sheriff to deliver the money given him as bail either to the treasurer of the county or court or clerk thereof: Laws 1923, Chap. 23. The sheriff, therefore, had no authority to return the money to plaintiff. The plaintiff alleges he made demand on the sheriff. Such demand availed plaintiff nothing because the sheriff could not lawfully return the money to plaintiff. The complaint does not allege that any demand was made on the treasurer, the court or clerk thereof. Doubtless "the court" refers to the court in which the action was pending: Laws 1923, Chap. 23. The complaint does not give the date judgment was entered in the criminal action, nor the date the orders of forfeiture were made or entered. The only allegations of the steps taken to recover the bails are the demand on the sheriff "subsequent to the 1st day of September, 1923," to wit, on or about the tenth day of October, 1923, and the presentation of a claim to "Board of Commissioners constituting the County Court of Clackamas County, Oregon, his claim for the return of the said sum of money so due him from said county." This claim was presented "prior to the commencement of this suit." The complaint in this action was filed March 7, 1925. Said claim was presented to the county commissioners after the bail had been declared forfeited by the court in which the criminal action was pending. We have not been shown any authority authorizing a county commissioners' court to override a judgment of the Circuit Court. The procedure

for recovering bail after surrender of defendant is prescribed in Sections 1666 and 1667 as follows:

"ON SURRENDER, IF MONEY DEPOSITED, MUST BE REFUNDED. If money have been deposited in lieu of bail, and the defendant, at any time before the forfeiture thereof, surrender himself to the officer to whose custody he was committed at the time of making the deposit, in the manner provided in section 1664, the court or judge thereof must order a return of the deposit to the defendant, *upon producing the certificate of the officer showing the surrender, and upon reasonable notice of the application to the district attorney.*"

"NOTICE TO THE DISTRICT ATTORNEY TO OBTAIN ORDER FOR DEPOSIT. The notice to be given to the district attorney, as required in this chapter, may be given to him personally or to any person authorized to appear for him, as provided in sections 1657 and 1658."

The case of *Walton* v. *People,* 28 Ill. App. 645, is relied upon by plaintiff. That case is distinguishable from the case at bar. The Walton case was instituted by the people to recover on a forfeited recognizance. The accused had been taken into custody by the sheriff, but a copy of the recognizance was not delivered to the sheriff nor his written receipt evincing the surrender of the accused given to the sureties. The surrender of the accused was voluntary. The accused afterwards escaped from jail. The people undertook to collect on the recognizance notwithstanding the surrender relying on the fact that the sheriff did not have a certified copy of recognizance, nor had the sureties a written receipt of the surrender to the sheriff. The trial court refused to admit evidence of the surrender, and the people had judgment. The judgment was reversed, the appel-

lant court holding that the certified copy and written receipt were not required where the surrender of accused was voluntary.

Plaintiff also relies on *State* v. *Mudd,* 232 Mo. 564 (134 S. W. 562). The facts in this case are similar to the facts in the Walton case, and the ruling is the same. In both of those cases the state was the moving party and was relying on a mere formal requirement to collect from sureties. In the instant case the party who deposited the money in lieu of bail is the moving party. The money so deposited is presumed to belong to the defendant. He was convicted. Under the statute the deposit should be applied to the fine. The court so ordered. The Circuit Court has *strictly* followed the law. The statute prescribes the necessary proceedings to follow in order to recover the deposit upon surrender of the accused. The plaintiff seeks to recover the deposit without alleging compliance with the statute. The facts here are materially different from the facts in both the Walton and Mudd cases. "The authority to excuse sureties from the enforcement of their undertaking, in any manner or degree, is thus vested in the court, and as a matter of law the authority of every other officer to do the same thing is excluded." *Cameron* v. *Burger,* 60 Or. 458, 463 (120 Pac. 10).

The judgment is affirmed.                    AFFIRMED.